Mitchell B. PRESCOTT, Appellant,

v.

CSPH, INC., D/B/A Domino's
Pizza, Appellee.

No. 07–93–0225–CV.

Court of Appeals of Texas,
Amarillo.

June 28, 1994.

Rehearing Denied July 29, 1994.

Alfred W. Ellis and Louis J. Weber, Jr., Dallas, for appellant.

David M. Pruessner, Fletcher & Springer, L.L.P., Dallas, for appellee.

Before DODSON, BOYD and POFF, JJ.

DODSON, Justice.

Appellant Mitchell B. Prescott perfected this appeal from a take nothing summary judgment rendered in favor of appellee CSPH, Inc., d/b/a Domino's Pizza (Domino's). In three points of error, Prescott contends the trial court erred in granting summary judgment upon the grounds that (1) the new Workers' Compensation Act (hereinafter called "the new Act" or "the Act") fails to exempt injuries caused by the act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee from injuries sustained in the course and scope of employment, (2) Prescott had no claim for intentional injury, and (3) Prescott waived all common law claims against Domino's. We affirm.

On December 16, 1991, Prescott was employed as a part-time delivery person by Domino's. At approximately 8:00 p.m. that evening, Prescott left to make pizza deliveries. On the way out, Prescott met Calvin Hill, a co-employee who was off duty. Hill asked Prescott if he could ride with him to make the deliveries. Although carrying passengers on delivery runs was against company policy, Prescott consented. While making the deliveries, Hill attempted to steal Prescott's truck and in the process stabbed Prescott several times. As a result, Prescott instituted this suit alleging that Domino's was negligent, grossly negligent, and acted intentionally in hiring Hill when it knew or should have known that Hill had a past criminal history.

The following facts are undisputed: (1) Prescott was stabbed for personal reasons not directed at him as an employee or because of his employment, (2) Prescott was injured in the course and scope of his employment, and (3) Hill was not acting within the course and scope of his employment for Domino's when he attacked Prescott.

■ Because this is an appeal from a summary judgment, the issues before us must be resolved within the framework of settled principles of summary judgment law. A movant earns a summary judgment by establishing (1) the absence of genuine issues of material fact and (2) the right to judgment under those undisputed material facts, as a matter of law, on grounds expressly stated in the motion. Tex.R.Civ.Proc. 166a(c); *see also Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548 (Tex.1985); *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983). The movant, against whom all doubts are resolved, has the burden of establishing both elements, *Nixon v. Mr. Property Management,* 690 S.W.2d at 548–49; *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979), and when the defendant is the movant, summary judgment is proper only if the plaintiff cannot, as a matter of law, succeed upon any theory pleaded. *Peirce v. Sheldon Petroleum Co.,* 589 S.W.2d 849, 852 (Tex.Civ.App.—Amarillo 1979, no writ). Thus, the defendant can prevail by conclusively establishing against the plaintiff at least one factual element of each theory pleaded by the plaintiff, *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970), or by conclusively establishing every factual element of an affirmative defense. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972).

■ Conversely, the plaintiff can bar the defendant's entitlement to a summary judgment by responding with evidence that creates a fact question on those elements of the

plaintiff's case under attack by the defendant or on at least one element of each affirmative defense advanced by the defendant. *Torres v. Western Casualty & Surety Co.*, 457 S.W.2d 50, 52 (Tex.1970); *see also Puga v. Donna Fruit Co.*, 634 S.W.2d 677, 680–81 (Tex.1982).

By his first and third points of error, Prescott contends the trial court erred in granting summary judgment upon the grounds (1) that the new Act fails to exempt injuries caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee from injuries sustained in the course and scope of employment, and (2) that Prescott waived all common law claims against Domino's. We disagree.

▬ When a disputed statute is clear and unambiguous, a court should not use rules of construction or extrinsic aids to construe it, but should give the statute its common meaning. *One 1985 Chevrolet v. State*, 852 S.W.2d 932, 935 (Tex.1993); *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex. 1983). Here, neither party asserts that the new Act is ambiguous. Furthermore, we conclude that the statute does not require judicial construction. Consequently, we must enforce the statute according to its express language. *Cail v. Service Motors, Inc.*, 660 S.W.2d at 815.

▬ Under the new Act, an insurance carrier is liable to an injured employee without regard to any fault or negligence of the employer if: (1) at the time of injury, the employee is subject to the Act, and (2) the injury arises out of and in the course and scope of employment. Tex.Rev.Civ.Stat.Ann. art. 8308–3.01 (Vernon Pamph.1993). However, an insurance carrier is not liable if "the injury arose out of an act of a third person intended to injure the employee because of personal reasons and not directed at the *employee as an employee or because of the employment.*" Tex.Rev.Civ.Stat.Ann. art. 8308–3.02(4) (Vernon Pamph.1993).

▬ Here, the parties have stipulated that Prescott was injured in the course and scope of employment and that the injury arose out of an act of a third person intending to injure

Prescott for personal reasons not directed at him as an employee or because of the employment. Under these circumstances, Prescott cannot receive benefits under the new Act, but is relegated to pursuing common law causes of action not barred by the Act. *See Biggs v. United States Fire Ins. Co.*, 611 S.W.2d 624, 627 (Tex.1981). Thus, Prescott may only seek a common law remedy against Domino's if (1) he opted out of the workers' compensation scheme, *see* Tex.Rev.Civ.Stat. Ann. art. 8308–3.08(a) (Vernon Pamph.1993), or (2) Domino's intentionally injured him. *See* Tex. Const. art. I, § 13; *Rodriguez v. Naylor Industries, Inc.*, 763 S.W.2d 411, 412 (Tex.1989).

In that regard, Prescott claims that he made no informed election or waiver of his common law rights. To support this contention, Prescott relies on *Ramirez v. Pecan Deluxe Candy Co.*, 839 S.W.2d 101 (Tex. App.—Dallas 1992, writ denied). This reliance, however, is misplaced. In *Ramirez*, the Court determined that an employer has the burden of proving an injured employee made an informed election of remedies when the facts surrounding the injury would warrant bringing either an intentional tort cause of action or an application for compensation under the Act. Reasoning therefrom, Prescott concludes that Domino's did not meet its summary judgment burden because it failed to offer proof that Prescott made an informed election of remedies.

However, in the instant case, Prescott is not entitled to benefits under the new Act. As a result, Prescott was never presented with a situation where he could actually make an election. Furthermore, *Ramirez* addresses the situation of electing a remedy after the employee is injured. Here, the type of election involved is that which takes place when the employee is hired.

Article 8308–3.08 sets forth the proper procedure that an employee must follow to retain his or her common law and statutory rights of action against a subscribing employer. In relevant part it provides:

(a) Except as otherwise provided by law, unless the employee gives notice as provided by Subsection (b) of this section,

an employee of an employer *waives the employee's right of action at common law or under any statute* of this state to recover damages for personal injuries or death sustained in the course and scope of the employment.

(b) An employee who desires to retain the common-law right of action to recover damages for personal injuries or death *shall notify the employer in writing* that the employee does not want to be covered under this Act and retains all rights of action under common law. The employee shall notify the employer not later than the fifth day after the date the employee begins employment. (Emphasis added).

Tex.Rev.Civ.Stat.Ann. art. 8308–3.08(a) and (b) (Vernon Pamph.1993).

 In the instant case, the record shows and it is undisputed that Domino's was a subscriber to workers' compensation insurance during the entire time of Prescott's employment. Also undisputed is the fact that Prescott never gave Domino's written notice that he desired to retain his common law and statutory rights of action. Consequently, Prescott waived any common law or statutory right of action he may have had against Domino's. Points one and three are overruled.

By his second point of error, Prescott contends the trial court erred in granting summary judgment upon the grounds Prescott had no claim for intentional injury. We disagree.

Prescott alleges that Domino's "was grossly negligent and acted intentionally in hiring Calvin Hill when it knew or should have known that Calvin Hill had an extensive past history of criminal convictions." Gross negligence does not constitute an exception to the workers' compensation bar, and the intentional injury exception is very limited. *See Reed Tool Co. v. Copelin,* 689 S.W.2d 404 (Tex.1985). The fundamental difference between negligent injury, or even grossly negligent injury, and intentional injury is the specific intent to inflict injury. *Id.* at 406; *Horton v. Montgomery Ward & Co., Inc.,* 827 S.W.2d 361, 365 (Tex.App.—San Antonio 1992, writ denied). In the workers'

compensation setting, the Texas Supreme Court has defined intent to mean "the actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it." *Reed Tool Co. v. Copelin,* 689 S.W.2d at 406.

Here, there is no summary judgment proof that Domino's hired Hill with specific intent to inflict injury (*i.e.,* that Domino's hired Hill with the desire or substantially certain belief that Hill would attack and injure Prescott). To the contrary, Prescott has stipulated that Hill attacked and injured him for purely personal reasons not directed at him as an employee or because of his employment. Consequently, point two is overruled.

Accordingly, we affirm the judgment of the trial court.