**Ruth Lee COWEN, et al., Plaintiffs,**

v.

**MOBIL OIL CORPORATION, Defendant.**

No. 1:94–CV–0495.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 8, 1995.

John Keith Hyde, Greg Thompson, Provost & Umphrey, Beaumont, TX, for plaintiffs.

Gail Cucancic Jenkins, Jenkins Grove & Martin, Beaumont, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

On August 18, 1994, Plaintiffs, the surviving spouse and children of Thomas J. Cowen (Cowen), deceased, filed suit in this court against Cowen's former employer, Mobil Oil Corporation (Mobil), for acts of gross negligence which allegedly resulted in Cowen's wrongful death.[1] Plaintiffs allege that Cowen was exposed to asbestos fibers during his 37 year tenure at Mobil and that Mobil was grossly negligent for failing to properly warn and train its employees and for failing to take proper precautionary measures.

Defendant moves for dismissal for failure to state a claim pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. After considering Defendant's motion, Plaintiffs' response and the applicable case law, the court is of the opinion that Defendant's Motion to Dismiss should be DENIED.

## STANDARD OF REVIEW

A court considering a 12(b)(6) motion must focus on two central principles. The first is that the complaint should be liberally construed in favor of the plaintiff with all well-pleaded facts in a complaint taken as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). The second is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.*

## ANALYSIS

The thrust of Defendant's argument is that reading *Duhart v. State,* 610 S.W.2d 740 (Tex.1980), together with *Travelers Indem. Co. of Ill. v. Fuller,* 892 S.W.2d 848 (Tex. 1995), leads to the inescapable conclusion that an employee may not sue his employer for exemplary damages even if those damages arise from gross negligence.

Before examining *Duhart* and *Fuller,* the court provides the statutory background needed to fully understand Defendant's argument.

The Texas Workers Compensation Act

"does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence."

Tex.Labor Code Ann. § 408.001(b).[2]

Article 16, Section 26 of the Texas Constitution reads:

"Every person, corporation, or company, that may commit a homicide, through willful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide."

Reading the Texas Labor Code together with the Texas Constitution has, not surprisingly, led numerous Texas courts to the conclusion that the spouse or surviving children of an employee who is killed by the gross negligence of his employer have a cause of action for exemplary damages against the employer.[3] Defendant contends, however,

---

1. Although not specifically stated in the complaint, jurisdiction is presumably founded upon 28 U.S.C. § 1332.

2. The same exception appears in § 408.001(b)'s statutory predecessor; Tex.Rev.Civ.Stat.Ann. art. 8306 § 5 (Vernon 1967).

3. *See Middleton v. Texas Power & Light,* 108 Tex. 96, 185 S.W. 556 (1916); *Castleberry v. Frost Johnson Lumber Co.,* 283 S.W. 141 (Tex.1926); *Paradissis v. Royal Indem. Co.,* 507 S.W.2d 526 (Tex.1974); *Reed Tool v. Copelin,* 610 S.W.2d 736 (Tex.1980).

that the right of an employee's surviving spouse and children to recover exemplary damages for gross negligence has been drowned in the wake of *Duhart* and *Fuller*.

In *Duhart*, the Texas Supreme Court considered a suit by the survivors of a highway construction employee against the state of Texas. The plaintiffs sought exemplary damages under a gross negligence theory. The question before the Court was whether the state had waived its sovereign immunity. The Court held that the state had not waived its sovereign immunity. *Duhart*, 610 S.W.2d at 743. The Court rejected appellant's contention that the state had impliedly waived its sovereign immunity by incorporating the language of Article 8306 § 5 (408.001(b)'s predecessor) into Article 6674s.[4] The Court stated that Article 8306 § 5 does not *create* an independent cause of action for exemplary damages, but merely *permits* such a cause of action to exist. *Duhart*, 610 S.W.2d at 743.

*Fuller* involved a suit against Travelers Insurance Company (Travelers) for failing to properly conduct safety audits and industrial hygiene surveys at an American Petrofina facility. Plaintiff, the daughter of a deceased American Petrofina employee, alleged that Traveler's actions were grossly negligent and resulted in her father's death from exposure to various hydrocarbons. Travelers moved for summary judgment maintaining that it was immune from suit under Tex.Civ.Stat. Ann. § 8308–7.06 which provides, in relevant part:

> The Association [the insurance carrier], its agent, servant or employee, shall have no liability with respect to any accident based on the allegation that such accident was caused or could have been prevented by a program, inspection, or other activity or service undertaken by the association for the prevention of accidents in connection with operations of its subscriber ..."[5]

Plaintiffs took the position that Article 16, Section 26 of the Texas Constitution provides a cause of action for punitive damages that was not dependant on her right to recover compensatory damages and that, to the extent it conflicts with Article 16, Section 26, § 8308–7.06 was unconstitutional. The Court disagreed and held that Article 16, Section 24 does not provide a remedy for exemplary damages independent of an underlying cause of action for compensatory relief. *Fuller*, 892 S.W.2d at 851–52. Accordingly, the Court determined that since the Worker's Compensation Act expressly prohibited a cause of action against Travelers, there was no underlying compensatory relief sufficient to support an award of exemplary damages. *Id.*

Defendants in the case *sub judice* combine *Duhart* (no independent basis for exemplary damages in the Worker's Compensation Act) with *Fuller* (Texas constitution does not provide independent basis for exemplary damages) and conclude that, after *Fuller*, the Texas Supreme Court has impliedly eliminated an employee's cause of action against his employer for exemplary damages. This court is unconvinced.

To begin, it appears that Defendant reads *Fuller* too broadly. *Fuller* does not hold that the Texas Constitution provides no basis for exemplary damages against an employer. It merely holds that when there is no cause of action for compensatory damages, no action for exemplary damages exists. Defendant seemingly fails to consider that an employee injured in the scope of his employment is entitled to recover a form of compensatory damages; albeit damages which are carefully circumscribed by the Texas Labor Code. *See* Tex.Labor Code Ann. §§ 408.001(a); 408.021; 408.028; 408.061; 408.121; 408.181 (Vernon's Supp.1995). The court sees no reason why the statutory reme-

---

**4.** Article 6674s provided Worker's Compensation Insurance for employees of the State Highway Department.

**5.** Article 8308–7.06's successor states:

An insurance company, the agent, servant, or employee of the insurance company, or a safety consultant who performs a safety consultation ... has no liability for an accident based on an allegation that the accident was caused or could have been prevented by a program, inspection, or other activity or service undertaken by the insurance company for the prevention of accidents in connection with the operations of the employers.

Tex.Labor Code Ann. § 411.003(a) (Vernon's Supp.1995).

dy outlined in the Texas Labor Code could not form the necessary compensatory damages springboard and thereby allow recovery of exemplary damages. The problem in *Fuller,* as this court understands it, is that not only did no such springboard exist, the springboard was statutorily prohibited. *See* Tex.Labor Code Ann. 411.003(a).

Apart from this court's concern that Defendant has misread *Fuller,* the court is cognizant of its duty under *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to attempt to make its judicial prediction as to what the Texas Supreme Court would most likely hold if it had to squarely address the issue before this court. The court is convinced the strong probability is that the Texas Supreme Court would continue to provide employees with a cause of action for exemplary damages when injured by their employer's gross negligence.

 In a diversity case such as this, the court will apply the substantive law of Texas. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Texas' highest court has not squarely decided the issue *sub judice* in the post-*Fuller,* post-*Duhart* era. This court is therefore compelled to make its *Erie*-prediction as to how the Texas Supreme Court would rule in light of *Fuller* and *Duhart. Rogers v. Corrosion Products, Inc.,* 42 F.3d 292, 295 (5th Cir.1995); *Transcontinental Gas Pipe Line Corp. v. Transportation Ins.,* 953 F.2d 985, 988 (5th Cir. 1992). When making this *Erie*-guess, "decisions of lower state courts should be given some weight, but they are not controlling where the highest state court has not spoken on the subject." *Rogers,* 42 F.3d at 295 (citing *Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782–83, 18 L.Ed.2d 886 (1967)). Decision by an intermediate state court is not to be disregarded unless the federal court is convinced that the highest court in the state would decide otherwise. *Rogers,* 42 F.3d at 295.

Although the Texas Supreme Court has not squarely addressed the viability of an employee's action for exemplary damages since *Fuller,* it has tangentially dealt with the issue.

In *Wright v. Gifford–Hill & Co., Inc.,* 725 S.W.2d 712 (Tex.1987),[6] the Court held that a plaintiff's failure to secure jury findings on the existence and amount of actual damages did not prevent her from recovering exemplary damages. *Wright,* 725 S.W.2d at 714. The Court noted with approval that although the plaintiff did not secure jury findings as to actual damages she "introduc[ed] evidence of actual damages and ... would have been entitled to recover actual damages but for the Worker's Compensation Act." *Wright,* 725 S.W.2d at 714. This language seems to offer significant support to this court's interpretation of *Fuller;* damages exist in the employee-injured-on-the-job context, but the remedy is limited to that which is provided by statute.

Not only does *Wright* seemingly undermine the Defendant's interpretation of *Fuller,* this court is of the opinion that both the *Wright* decision and *Universal Serv. Co., Inc. v. Ung,* 904 S.W.2d 638 (Tex.1995), implicitly recognize the viability of the Plaintiffs' cause of action. While neither *Ung*[7] nor *Wright* squarely confront the issue before this court, they both provide some foundation for this court's *Erie*-guess that the Texas Supreme Court will continue to recognize Plaintiffs' cause of action. Each of the opinions contains the core assumption that an employee may sue his employer for acts of gross negligence. Otherwise, it would be difficult to examine the merits of a contention that a jury finding of actual damages must precede a finding of exemplary damages (*Fuller* ) or that the evidence presented at trial did not support a finding of gross negligence (*Ung* ).

 In sum, the court finds that Plaintiff's cause of action still exists in Texas because (1) the *Fuller* decision did not eliminate the possibility of exemplary damages when employees sue their employer; and (2) recent decisions by the Texas Supreme Court lead

---

**6.** This court notes that *Wright* was decided after *Duhart* but before *Fuller.*

**7.** The central issue presented in *Ung* was whether the evidence adduced at trial supported the jury's award of exemplary damages against the employer.

this court to believe that an employee's suit for exemplary damages is still possible in Texas.

Before the court is the Defendant's Motion to Dismiss. After considering the Motion, Plaintiff's response, Defendant's reply and the relevant case law, this court is of the opinion that the Motion should be DENIED. It is therefore

ORDERED that Defendant's Motion to Dismiss is DENIED.