Denice CALLIS, et al., Plaintiffs,

v.

**UNION CARBIDE CHEM. AND PLASTICS CORP.,**
Defendant.

Civil Action No. H–94–1102.

United States District Court,
S.D. Texas,
Houston Division.

March 26, 1996.

Joseph W. Woodson, Jr., Jeffrey Scott Thompson, Williams Bailey, L.L.P., Houston, TX, Catherine Louise Baen, Umphrey Williams & Bailey, Houston, TX, for Denice P. Callis.

Jeffrey Scott Thompson, Williams Bailey, L.L.P., Houston, TX, for Angela Callis, Andrew Callis, Jr., Andrea Callis, Alicia Callis, Ann Randall.

Charmaine Michele Aarons Holder, Wickliff & Hall, Houston, TX, Nathan P. Eimer, Sidley & Austin, Chicago, IL, Theodore Theophilos, Sidley & Austin, New York City, Scott C. Solberg, Sidley & Austin, Chicago, IL, for Union Carbide Chemicals and Plastics Company, Inc.

Robert A. Hall, Woodard Hall & Prim, Houston, TX, for Monsanto Company, Monsanto Chemical Co.

## MEMORANDUM AND ORDER

ATLAS, District Judge.

Pending before the Court is Defendant's Motion for Summary Judgment [Doc. # 39]. Having considered the motion, the parties' responses, and the appropriate legal authori-

ties, the Court finds that this motion is without merit and should be DENIED.

## I.  *Factual Background*

The facts in this case are not in dispute. The decedent, Andrew Callis ("Callis"), was employed by Union Carbide Chemical and Plastics Co. ("Union Carbide") at its Texas City plant from July 8, 1968 to September 21, 1992. During the tenure of his employment, Union Carbide was a subscriber under the Texas Workers' Compensation Act and Callis was covered by workers' compensation insurance.

Plaintiffs, Callis's surviving wife and children, have sued Union Carbide, alleging that, while employed as a pipefitter and field supervisor, Callis was exposed to benzene and benzene-containing materials, and that such exposure ultimately led to his death from lymphoma. Plaintiffs' Original Complaint, at ¶ III. Plaintiffs further assert that Callis's exposure to benzene was caused by Union Carbide's gross negligence and are seeking exemplary damages for his death. *Id.* at ¶ V.

The sole legal issue before the Court is whether a surviving spouse and children may recover exemplary damages from a private employer for gross negligence resulting in the employee's death.

## II.  *Legal Analysis*

Defendant has moved for summary judgment, arguing that, under Texas law, there is no common law, statutory or constitutional basis for the family of a deceased employee to sue an employer for exemplary damages under a gross negligence theory.

### A.  *Exemplary Damages under the Texas Constitution*

Because the Texas Constitution is not the basis for Plaintiff's claims, the Court need not consider Defendant's argument that there is no independent cause of action for exemplary damages under the Texas Constitution where no cause of action for compensatory damages otherwise exists.[1]

### B.  *Exemplary Damages under the Texas Wrongful Death Act*

■ Defendant further argues that surviving heirs cannot maintain a negligence-based action against the decedent's former employer under the Texas Wrongful Death Act, which provides a cause of action for certain family members to recover compensatory and exemplary damages for the wrongful death of their decedent. Tex.Civ.Prac. & Rem.Code Ann. §§ 71.002, 71.004, 71.009 (Vernon 1986).[2] Recovery under the Act is expressly conditioned on whether "the individual injured would have been entitled to bring an action for injury if he had lived." Tex.Civ.Prac. & Rem.Code Ann. § 71.003. *See also Suber v. Ohio Medical Products, Inc.,* 811 S.W.2d 646, 649 (Tex.App.—Houston [14th Dist.] 1991, writ denied), quoting *Delesma v. City of Dallas,* 770 F.2d 1334 (5th Cir.1985) (under the Wrongful Death Act, a wrongful death claim derives wholly from the

---

1. Art. XVI, § 26 provides as follows:

   Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide.

   Vernon's Ann.Texas Const. art XVI, § 26. In *Travelers Indem. Co. of Illinois v. Fuller,* 892 S.W.2d 848 (Tex.1995), the Texas Supreme Court held that article XVI, section 26 does not create an independent cause of action for punitive damages where no cause of action for compensatory damages otherwise exists. *Id.,* 892 S.W.2d at 851–52. To the extent that Defendant argues that *Fuller* impliedly abol-

ished the right of a surviving spouse and children to sue an employer for gross negligence, this argument is discussed *infra* at 7–9.

2. Pursuant to the Wrongful Death Act, "a person is liable for damages arising from an injury that causes an individual's death if: (1) the person is a proprietor, owner, charterer, or hirer of an industrial or public utility plant … and (2) the injury was caused by the person's … wrongful act, neglect, carelessness, unskillfulness, or default." Tex.Civ.Prac. & Rem.Code Ann. § 71.002(c)(1) (Vernon 1986). The Act confers a right of action against private corporations, *Hugo, Schmeltzer & Co. v. Paiz,* 104 Tex. 563, 567, 141 S.W. 518, 520 (Tex.1911), and provides for exemplary damages "when the death is caused by the wilful act or omission or gross negligence of the defendant." Tex.Civ.Prac & Rem. Code Ann. § 71.009 (Vernon 1986).

cause of action that the decedent could have asserted for personal injuries had he lived). Defendant argues that, under Texas law, it is well settled that an employee's "exclusive remedy" for work-related injuries—other than injuries caused by the employer's intentional misconduct—is workers' compensation. Therefore, Defendant argues, Plaintiffs cannot bring a gross negligence action against Union Carbide under the Wrongful Death Act, because Callis would have been barred from bringing such an action during his lifetime.

Defendant relies solely on Section 408.001(a) of the Texas Labor Code, arguing that an employee's "exclusive remedy" for work-related injuries—other than injuries caused by the employer's intentional misconduct—is workers' compensation.

Defendant's argument ignores the plain language of the statute it cites, particularly Section 408.001(b) of the Texas Labor Code.[3] Section 408.001 provides as follows:

(a) Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage ... against the employer ... for the death of or a work-related injury sustained by the employee.

(b) This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence.

TEX.LAB.CODE ANN. § 408.001 (Vernon 1996).

■ Despite the clear language of Section 408.001(b), Defendant argues that "gross negligence does not constitute an exception to the workers' compensation bar." Defendant's Motion for Summary Judgment, at 171 n. 7, *quoting Prescott v. CSPH, Inc.,* 878 S.W.2d 692, 694–95 (Tex.App.—Amarillo 1994, writ denied). *Prescott* is inapposite, however, because in *Prescott,* the Plaintiff, although injured after being attacked by an off-duty co-worker, did not die. Thus, the exemplary damages exception was not triggered, reserving, as it does, the right of the *surviving* spouse or heirs to sue for exemplary damages where the *death* of the employee is brought about by an employer's gross negligence. *See Castleberry v. Goolsby Bldg. Corp.,* 617 S.W.2d 665, 666 (Tex.1981) (the Workers' Compensation Act exempts employers from common law liability based on negligence or gross negligence, *except in death cases for exemplary damages* as provided for in Article 8306, Section 5 [4]) (citation omitted; emphasis added). While the Workers' Compensation Act *generally* provides the exclusive remedy for work-related injuries, it does not prohibit the recovery of exemplary

---

3. The statutory predecessor of Section 408.001 of the Texas Labor Code, article 8308–4.01 of the Workers' Compensation Act, was in effect when Callis died in 1992. Article 8308–4.01 explicitly provided for exemplary damages for an employer's gross negligence resulting in death:

(a) Except as provided by Subsection (b) of this section, a recovery of workers' compensation benefits under this Act is the exclusive remedy of an employee or legal beneficiary against the employer ... for the death of or a work-related injury sustained by a covered employee.

(b) This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence.

TEX.REV.CIV.STAT.ANN. art. 8308–4.01, repealed by Acts 1993, 73rd Leg., ch. 269, § 5(2), eff. date Sept. 1, 1993, current version at TEX.LAB. CODE ANN. § 408.001 (Vernon 1996). Article 8308–4.01 became effective on January 1, 1991 and was repealed on September 1, 1993. Defendant does not cite this statute, despite its potential applicability to this case. In any event, the outcome of Defendant's Motion would be the same under article 8308–4.01.

4. Article 8306, Section 5 is the statutory predecessor to article 8308–4.01 of the Workers' Compensation Act and section 408.001 of the Texas Labor Code. Article 8306 provided:

Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employé whose death is occasioned by homicide from the wilful act or omission or gross negligence of any person, firm or corporation from the employer of such employé at the time of the injury causing the death of the latter.

TEX REV CIV STAT.ANN. art. 8306, § 5, repealed by Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7), eff. Jan. 1, 1991.

damages under the Wrongful Death Act for gross negligence resulting in death.

On its face, Section 408.001(b) excepts from the exclusivity bar the recovery of exemplary damages for intentional acts *or* gross negligence. Thus, Defendant's Motion is denied insofar as Plaintiffs' have alleged gross negligence on the part of Union Carbide to support their wrongful death claim.[5]

### C. *Exemplary Damages under the Workers' Compensation Act and the Texas Labor Code*

Defendant also argues that, under *Duhart v. State*, 610 S.W.2d 740 (Tex.1980), Section 408.001(b) of the Labor Code (formerly Section 8306(5) of the Workers' Compensation Act) did not create a separate cause of action for exemplary damages; rather, it merely "saved" any cause of action that existed at law. Therefore, because (as Defendant argues) Plaintiffs' claim is barred by the Wrongful Death Act, Plaintiffs have no separate cause of action for exemplary damages under the Workers' Compensation Act or the Labor Code.

This argument is flawed for several reasons. First, as discussed above, Plaintiffs *have* a cause of action under the Wrongful Death Act. Second, Defendant's reading of *Duhart* is overbroad.

In *Duhart*, the widow and children of a highway department employee sued the State for exemplary damages under the Wrongful Death Act, alleging that the State's gross negligence had caused the employee's death. The Texas Supreme Court held that the plaintiffs' suit was barred because the State had not waived its sovereign immunity. In so holding, the Court also noted that "Section 5 of Article 8306 [of the Workers' Compensation Act] did not create an independent cause of action for exemplary damages, but merely saves an existing one to the extent allowed by law." *Duhart*, 610 S.W.2d at 743. Because the *Duhart* plaintiffs' suit was barred by sovereign immunity, there was no "existing" cause of action to be saved.

*Duhart* is inapposite to the case at bar first because *Duhart* did not involve a gross negligence claim against a *private* employer. The question before the *Duhart* Court was whether the State had waived its sovereign immunity. More importantly, even if *Duhart* were controlling, there is an antecedent cause of action to be "saved" in the case at bar, i.e., the Wrongful Death Act under which Plaintiffs' claim arises.[6] Therefore, even under Defendant's reading of *Duhart*, Plaintiffs have a legally recognized cause of action.

### D. *The Right to Recover Exemplary Damages for Gross Negligence*

The Texas Supreme Court has consistently recognized that the surviving spouse and children of an employee killed by gross negligence have a cause of action against the employer for exemplary damages.[7] Despite seventy years of precedent, however, Defendant suggests that this right has been impliedly abolished by *Duhart*, discussed above, and *Travelers Indem. Co. of Illinois v. Fuller*, 892 S.W.2d 848 (Tex.1995). In *Fuller*, the Texas Supreme Court held that no constitutional right to exemplary damages exists independently of an underlying cause of action for compensatory relief. *Fuller*, 892 S.W.2d at 851–52.

■ The Court finds Defendants' contention unpersuasive. As discussed above, Plaintiffs' cause of action under the Wrongful Death Act is not barred by the Workers'

---

**5.** Pursuant to the Wrongful Death Act, a damages action may be brought by the decedent's surviving spouse, children and parents. Tex.Civ. Prac. & Rem.Code Ann. § 71.004(b) (Vernon 1986). Both the Workers' Compensation Act and the Labor Code restrict recovery to a surviving spouse and heirs.

**6.** Plaintiffs' complaint does not specifically allege the statutory bases for their claims against Defendant. However, in their response to Defendant's Motion for Summary Judgment, Plaintiffs imply·that they have a cause of action under both the Wrongful Death Act and the Workers' Compensation Act. *See supra* notes 3 and 4.

**7.** *See Castleberry v. Goolsby Bldg. Corp.*, 617 S.W.2d 665, 666 (Tex.1981); *Paradissis v. Royal Indem. Co.*, 507 S.W.2d 526, 529 (Tex.1974); *Castleberry v. Frost Johnson Lumber Co.*, 283 S.W. 141 (Tex.1926); *Middleton v. Texas Power & Light Co.*, 108 Tex. 96, 104, 185 S.W. 556, 558 (Tex.1916).

Compensation Act. Therefore, Plaintiffs have an underlying cause of action for compensatory relief. *See* Tex.Civ.Prac. & Rem. Code Ann. § 71.002 (Vernon 1986). As to the availability of compensatory damages under the Labor Code, "Defendant seemingly fails to consider that an employee injured in the scope of his employment is entitled to a form of compensatory damages; albeit damages which are carefully circumscribed by the Texas Labor Code. See Tex.Lab.Code. Ann. §§ 408.001(a); 408.021; 408.028; 408.061; 408.121; 408.181 (Vernon's Supp. 1995)." *Cowen v. Mobil Oil Corp.*, 901 F.Supp. 1204, 1206 (E.D.Tex.1995). "The court sees no reason why the statutory remedy outlined in the Texas Labor Code could not form the necessary compensatory damages springboard and thereby allow recovery of exemplary damages." *Id.*

Moreover, Defendant's reading of *Fuller*, like *Duhart*, is over broad. In *Fuller*, the daughter of a deceased refinery worker brought an action against the workers' compensation carrier of her father's employer, alleging gross negligence in conducting safety audits and industrial hygiene surveys. The defendant moved for summary judgment, contending that it was immune from such suits under the Workers Compensation Act.[8] The Court held that the Texas Constitution does not provide a remedy for exemplary damages independent of an underlying cause of action for compensatory relief. *Fuller*, 892 S.W.2d at 851–52. Accordingly, the Court determined that, since the Workers Compensation Act expressly prohibited a cause of action against the defendant, there was no underlying compensatory relief sufficient to support an award of exemplary damages. *Id.*

While finding that claims against insurers were explicitly barred by the Workers Compensation Act, the *Fuller* Court noted that

[t]he former Workers' Compensation Act specifically provided for exemplary damages in wrongful death cases brought against *employers* where gross negligence is proved. No such express provision is made for cases against *insurers*. Thus, this case does not involve exemplary damages "specifically provided for by the Act."

*Fuller*, 892 S.W.2d at 848 n. 3 (citation omitted) (emphasis added). As Plaintiffs suggest, it would be difficult to find a more direct statement of the inapplicability of *Fuller* to this case: a surviving spouse and children have a suit against an employer because the Workers' Compensation Act expressly provides one; they do not have a suit against an insurer, however, because such claims are expressly prohibited by the Act.

In *Cowen v. Mobil Oil Corp.*, 901 F.Supp. 1204 (E.D.Tex.1995), the defendant argued that, on the basis of *Duhart* and *Fuller* (as Defendant argues in the case at bar), the Texas Supreme Court had impliedly eliminated the right of a surviving spouse and children to sue an employer for gross negligence. The Court rejected these arguments, finding that (1) *Fuller* did not eliminate the possibility of a exemplary damages when a surviving spouse and children sue an employer for gross negligence and (2) recent decisions by the Texas Supreme Court establish that recovery of exemplary damages for an employer's gross negligence is still possible in Texas. *Cowen*, 901 F.Supp. at 1207.

The Court finds *Cowen's* reasoning persuasive and is equally unconvinced that the right to recover exemplary damages for an employer's gross negligence has been impliedly abolished in Texas.[9] For the reasons

---

**8.** The Workers Compensation Act explicitly barred claims against insurers for "any accident based on the allegation that such accident was caused or could have been prevented by a program, inspection, or other activity or service undertaken by the [insurer] for the prevention of accidents in connection with operations of its subscriber." Tex.Civ.Stat.Ann. § 8308–7.06, repealed by Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7) to (9), eff. Jan. 1, 1991.

**9.** Defendant cites a pre-*Cowen* state district court decision, *Smith v. Atlantic Richfield Co.*,

No. 93–016122 (281st Dist.Ct., Harris County, Tex. April 10, 1995), for the proposition that Plaintiffs' cause of action no longer exists under Texas law. According to Defendant, the *Smith* court held that, under Texas law, surviving heirs have no statutory or constitutional cause of action for exemplary damages against the decedent's former employer. Defendant's Motion for Summary Judgment, at 2–3. Although the state district court's decision in *Smith* seems to contradict the result in *Cowen*, there is no written opinion in *Smith* setting forth the court's reason-

discussed above, the Court agrees that Defendant has misread *Fuller*.

Finally, two post-*Fuller* decisions, *Wright v. Gifford–Hill & Co., Inc.*, 725 S.W.2d 712 (Tex.1987), and *Universal Servs. Co., Inc. v. Ung*, 904 S.W.2d 638 (Tex.1995), suggest that Plaintiff's cause of action continues to be recognized in Texas. In *Wright*, the Court held that a surviving spouse need not secure a finding on the amount of actual damages in order to recover exemplary damages for gross negligence. *Wright*, 725 S.W.2d at 714. In *Ung*, the Court found that a punitive damages claim for gross negligence was not preempted under the Workers'' Compensation Act. *Ung*, 904 S.W.2d at 639–40. As the Court found in *Cowen*, not only does *Wright* undermine the Defendant's interpretation of *Fuller*, but *Wright* and *Ung* seem implicitly to recognize the viability of Plaintiff's cause of action. *Cowen*, 901 F.Supp. at 1207. While neither *Wright* nor *Ung* squarely confront the issue before the Court, both decisions "provide some foundation for [an] Erie-guess that the Texas Supreme Court will continue to recognize Plaintiff's cause of action." [10] *Id.*

### III. *Conclusion*

For the reasons discussed above, the Court finds that Plaintiff's cause of action continues to be recognized under Texas law. Thus, a surviving spouse and children may recover exemplary damages from a private employer for gross negligence resulting in the employee's death. It is therefore

ORDERED that **Defendant's Motion for Summary Judgment is DENIED.**

---

ing and, in any event, *Smith* is not controlling precedent. Moreover, the trial court's decision is currently on appeal. Therefore, despite the *Smith* decision, this Court remains unconvinced that Plaintiffs' cause of action has been abolished under Texas law.

**10.** The *Cowen* Court found that the issue before it had not been squarely decided by the Texas Su-

preme Court. However, the Court found that, under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.2d 1188 (1938), it was obligated to make a judicial prediction as to what the Texas Supreme Court would most likely hold if squarely confronted with the issue before the Court.