Kay **WYBLE**, Surviving Widow of Glenn Wyble, Deceased, et al., Plaintiffs,

v.

**E.I. DUPONT DE NEMOURS & CO.** and **C. Frank Riddick**, Defendants.

No. 1:98–CV–1555.

United States District Court, E.D. Texas, Beaumont Division.

July 11, 1998.

**642**

John Keith Hyde, Provost & Umphrey, Beaumont, TX, for Plaintiff.

Arthur Ray Almquist, Mehaffy & Weber, Houston, TX, for Defendants.

*ORDER GRANTING PLAINTIFFS' MO-TION TO REMAND, AND DISMISS-ING AS MOOT DEFENDANT C. FRANK RIDDICK'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND PLAINTIFFS' MO-TION FOR LEAVE TO FILE SEC-OND AMENDED COMPLAINT*

SCHELL, Chief Judge.

Before the court are the following motions and responses:

a) Plaintiffs' Motion to Remand, filed on April 30, 1998. Defendant E.I. du Pont de Nemours and Company ("DuPont") filed a Response on May 18, 1998. Plaintiffs filed a Reply to Defendants' Response on May 29, 1998.

b) Defendant C. Frank Riddick's ("Rid-dick") Motion to Dismiss for Failure to State a Claim, filed on May 15, 1998. Plaintiffs filed a Response on May 29, 1998.

c) Plaintiffs' Motion for Leave to File Second Amended Petition/Complaint, filed on May 29, 1998. Defendants filed no Response.

Upon consideration of the motions, responses, reply, and applicable law, the court is of the opinion that Plaintiffs' Motion to Remand should be GRANTED, Defendant's Motion to Dismiss should be DISMISSED AS MOOT, and Plaintiffs' Motion for Leave to Amend should be DISMISSED AS MOOT.

I. PLAINTIFFS' MOTION TO REMAND

A. *Background*

In this case, Plaintiffs filed suit in state court against DuPont, a diverse defendant, and DuPont's plant manager C. Frank Rid-dick, a Texas resident and, therefore, a non-diverse defendant. DuPont removed the case to this court. Plaintiffs then filed the present Motion, asking the court to remand the case back to state court.

In its Response, DuPont argues that the non-diverse defendant, Riddick, is fraudulently joined. Therefore, DuPont asserts that this court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties to the action are diverse. DuPont agrees that if Riddick is a proper party to the lawsuit, then no diversity jurisdiction exists. Def.'s Resp. to Pls.' Mot. to Remand at 1. Therefore, the sole issue in evaluating this motion is whether Riddick is fraudulently joined in order to defeat diversity jurisdiction.

B. *Standard*

 The party invoking removal bears the burden of establishing federal jurisdiction over a state court suit. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir.1995); *see also Good v. Armstrong World Industries, Inc.*, 914 F.Supp. 1125, 1127 (E.D.Pa.1996); *Ryan v. Dow Chemical Co.*, 781 F.Supp. 934, 939

(E.D.N.Y.1992). The federal removal statute should be strictly construed since it deprives a state court of a case properly before it, thereby implicating important federalism concerns. *Carpenter*, 44 F.3d at 365.

To establish that a defendant has been fraudulently joined, the removing party must show by clear and convincing evidence either that there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendant in state court, or that there has been an outright fraud in the pleading of jurisdictional facts. *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir.1997); *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir.1993) (where no cause of action can be brought against a party, that party cannot be joined to defeat diversity). The party attempting to prove fraudulent joinder has a heavy burden. *Rodriguez*, 120 F.3d at 591. DuPont does not argue that there has been an outright fraud. It only argues that there is no possibility that Plaintiffs can present a viable cause of action against Riddick. Therefore, according to DuPont, Riddick has been fraudulently joined and diversity jurisdiction exists. The court will resolve all factual allegations and all ambiguities of law in favor of the non-removing party. *Rodriguez*, 120 F.3d at 591; *see also Lackey*, 990 F.2d at 207.

## C. Analysis

DuPont can prove fraudulent joinder, and show that diversity jurisdiction exists, by demonstrating that Plaintiffs have absolutely no cause of action against Riddick. DuPont first points out that Plaintiffs have no cause of action against Riddick for compensatory damages, because their exclusive remedy of compensatory damages lies in the recovery of workers' compensation benefits. Def.'s Resp. at 1–2 (citing V.T.C.A. Labor Code § 408.001(a)). According to DuPont, the Texas workers' compensation system does not allow an employee to sue an agent or employee of the employer for compensatory damages caused by death or work-related injury. Instead, the exclusive remedy for an injured employee is to recover workers' compensation benefits. *Id.* According to Du-Pont, since Riddick was an agent or employee of DuPont and the actions complained of by Plaintiffs were conducted in the course and scope of Riddick's employment, then Plaintiffs have no cause of action against Riddick for compensatory damages and are limited by V.T.C.A. Labor Code § 408.001(a) to the recovery of workers' compensation benefits. Plaintiffs do not dispute that they cannot recover compensatory damages outside of the workers' compensation program.

It is over the claim for exemplary damages, however, that the issue is joined. Plaintiffs have sued both DuPont and Riddick for exemplary damages. Plaintiffs argue that their claim against Riddick is a valid one, and therefore diversity is not present. DuPont argues that Plaintiffs have no claim against Riddick for exemplary damages as a matter of law.

DuPont argues that Texas law does not allow the recovery of exemplary damages where no compensatory damages are allowed. Def.'s Resp. at 3 (citing *Travelers Indem. Co. of Ill. v. Fuller*, 892 S.W.2d 848, 849–50 (Tex.1995)). With a suit for compensatory damages precluded by the Workers' Compensation Act, and a suit for exemplary damages precluded by case law, DuPont argues that Plaintiffs' causes of action against Riddick necessarily fail. Therefore, according to DuPont, he is fraudulently joined.

Plaintiffs argue, however, that DuPont's interpretation of *Fuller, supra*, is in error. According to Plaintiffs, their claim for exemplary damages is founded in the Texas Workers' Compensation Act, TEX.REV.CIV. STAT. Art. 8306–7.06, and in the TEXAS CONSTITUTION, Art. 16, § 26. They claim that the Texas Supreme Court has held in numerous cases that the Workers' Compensation statute specifically preserves the right of recovery of exemplary damages by certain survivors of an employee killed by gross negligence. Pls.' Reply to Def.'s Resp. to Pls.' Mot. for Remand and Pls.' Resp. to Def.' Riddick's Mot. to Dismiss at 4 (citing *Universal Services Co., Inc. v. Ung*, 904 S.W.2d 638 (Tex.1995); *Wright v. Gifford–Hill & Co.*, 725 S.W.2d 712 (Tex.1987); *Fort Worth Elevators v. Russell*, 123 Tex. 128, 70 S.W.2d 397 (1934); *Castleberry v. Frost–Johnson*

*Lumber Co.*, 283 S.W. 141, (Tex. Comm'n. App.1926, judgment adopted)). Plaintiffs argue that *Fuller* does not abrogate their right to recovery of exemplary damages from Riddick, even though there is no underlying claim for compensatory damages. *Id.* at 6 (citing *Smith v. Atlantic Richfield Co.*, 927 S.W.2d 85 (Tex.App.—Houston [1st Dist.] 1996, writ denied); *Callis v. Union Carbide Chemicals*, 932 F.Supp. 168 (S.D.Tex.1996); *Cowen v. Mobil Oil Corp.*, 901 F.Supp. 1204, 1206 (E.D.Tex.1995)).

The court, therefore, is faced with discrete issues. First, does *Fuller* preclude a claim for exemplary damages for grossly negligent conduct resulting in death, brought under the Texas Workers' Compensation statute? Second, does the savings clause found at TEX. REV.CIV.STAT.ANN. Art. 8306, § 5 apply to suits against the employer only, or does it also apply to suits against an agent or employee of the employer?

1. *Does* Fuller *preclude a claim for exemplary damages for grossly negligent conduct resulting in death, brought under the Texas Workers' Compensation statute?*

█ The Texas Constitution provides that: Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide.

TEX. CONST. Art. XVI, § 26. Moreover, under these facts, two statutes are also operative: the Texas Wrongful Death Act and the Texas Workers' Compensation Act.

The Texas Wrongful Death Act provides a cause of action for certain qualified family members to recover compensatory damages and exemplary damages for the wrongful death of a decedent. TEX.CIV.PRAC. & REM. CODE ANN. §§ 71.002, 71.004, 71.009. Normally the right to a wrongful death action attaches only if the decedent could have recovered damages had he or she lived. *Callis v. Union Carbide Chemical and Plastics*

*Corp.*, 932 F.Supp. 168, 169–70 (S.D.Tex. 1996) (citations omitted). Meanwhile, the Texas Workers' Compensation Act ("TWCA") contains an added savings clause that allows a qualified family member of a decedent to recover damages for wrongful death, in the event that the death was caused by gross negligence. *Id.* at 170–172.

DuPont argues that the Texas Supreme Court held in *Fuller* that there can be no recovery for exemplary damages where there is no recovery for actual damages. *Fuller*, 892 S.W.2d at 852. Since the TWCA provides that an employee's exclusive remedy for death or injury on the job is the recovery of workers' compensation benefits, DuPont argues, then there is no recovery for actual damages in this situation. Thus, there is no recovery for exemplary damages. In essence, DuPont argues that *Fuller* abrogated the right to exemplary damages found in the TWCA.

Several cases have faced this issue squarely, the courts have considered DuPont's argument, and a majority has agreed that its interpretation of *Fuller* is too broad. The TWCA specifically provides for a surviving spouse or heir's cause of action against an employer whose gross negligence or intentional act causes the employee's death. *Atlantic Richfield*, 927 S.W.2d at 88 (citing *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 814 (Tex.1995)); *Universal Services*, 904 S.W.2d at 639–40. *Fuller* does nothing to change the express cause of action found in the TWCA. Second, as stated by the court in *Cowen v. Mobil Oil Corp.*, 901 F.Supp. at 1206:

*Fuller* does not hold that the Texas Constitution provides no basis for exemplary damages against an employer. It merely holds that when there is no cause of action for compensatory damages, no action for exemplary damages exists. Defendant seemingly fails to consider that an employee injured in the scope of his employment is entitled to recover a form of compensatory damages; albeit damages which are carefully circumscribed by the Texas Labor Code.

*Cowen,* 901 F.Supp. at 1206. As far back as 1934, the Texas Supreme Court recognized that a plaintiff in this type of suit can still recover exemplary damages as long as he can show that he would have been entitled to compensatory damages but for the operation of the Workers' Compensation Act. *Fort Worth Elevators Co. v. Russell,* 123 Tex. 128, 70 S.W.2d 397, 409 (1934), *overruled in part by Wright v. Gifford–Hill & Co., Inc.,* 725 S.W.2d 712, 714 (Tex.1987) (plaintiff must introduce evidence of entitlement to actual damages in order to qualify for exemplary damages, but need not secure a jury finding on the amount of actual damages).

■ The court sees nothing in *Fuller* that changes this well-established Texas rule. Therefore, the court finds that, as a matter of law, a wrongful death cause of action for gross negligence does exist under the Texas Workers' Compensation Act. *Fuller* does not prevent the surviving spouse or family member of a deceased worker from bringing a claim for exemplary damages against an employer for gross negligence. *Universal Services Co., Inc. v. Ung,* 904 S.W.2d 638, 639–640 (Tex.1995) (wrongful death claim against a subscribing employer for exemplary damages is not precluded by the Texas Workers' Compensation Act); *Wright v. Gifford–Hill & Co.,* 725 S.W.2d 712, 714 (Tex.1987) (implicitly acknowledging same); *Atlantic Richfield Co.,* 927 S.W.2d at 88 (the TWCA specifically provides for a cause of action against an employer whose gross negligence or intentional act causes the employee's death, and *Fuller* does not apply to these facts); *see also Callis v. Union Carbide Chem. and Plastics Corp.,* 932 F.Supp. 168, 171–72 (S.D.Tex.1996); *Cowen v. Mobil Oil Corp.,* 901 F.Supp. 1204, 1206–1208 (E.D.Tex.1995).

2. *Does the savings clause of TEX.REV.CIV. STAT. Art. 8306, § 5 apply to suits against the employer only, or does it also apply to suits against an agent or employee of the employer?*

■ DuPont points out that V.T.C.A. Labor Code § 408.001(b) contains a savings clause that expressly preserves the right to sue *the employer* for exemplary damages, but that no such savings clause exists for the actions of an agent or employee of the employer. However, V.T.C.A. Labor Code § 408.001(b) is taken from a version of the Texas Workers' Compensation Act that was not in effect at the time that the injury in this case occurred.

The savings clause found at section 408.001 of the Texas Labor Code was not effective until September 1, 1993. Acts 1993, 73rd Leg., ch. 269, § 5(2), eff. date Sept. 1, 1993; *see Callis v. Union Carbide Chem. and Plastics Corp.,* 932 F.Supp. 168, at 170 n. 3, 171 n. 4. Its predecessor, TEX.REV.CIV.STAT.ANN. art. 8308–4.01, became effective on January 1, 1991, and applied only to injuries for which the date of injury was on or after January 1, 1991.[1] *Universal Services Co., Inc. v. Ung,* 904 S.W.2d at 639–40; *Callis,* 932 F.Supp. at 170 n. 3, 171 n. 4. The statutory predecessor to TEX.REV.CIV.STAT.ANN. art. 8308–4.01 was TEX.REV.CIV.STAT.ANN. art. 8306, § 5. Decedent was diagnosed in 1989. A diagnosis in 1989 necessarily entails an injury occurring before that date. Therefore, this case falls under the old Texas Workers' Compensation Act, and the savings clause found at TEX .REV.CIV.STAT.ANN. art. 8306, § 5. *See Callis,* 932 F.Supp. at 170 n. 3, 171 n. 4.

That savings clause, in relevant part, reads as follows:

Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employe[e] *whose death is occasioned by homicide from the wilful act or omission or gross negligence of any person, firm, or corporation from the employer of such employe[e]* at the time of the injury causing the death of the latter.

TEX.REV.CIV.STAT.ANN. art. 8306, § 5 (emphasis added). Plaintiffs argue that the savings clause in TEX.REV.CIV.STAT.ANN. art. 8306, § 5 tracks the language of TEX. CONST. Art. 16, § 26, and therefore saves their cause of

---

1. The court reserves judgment on whether or not its analysis would hold under any newer version of the statute.

action against Riddick as well as against DuPont. Pls.' Reply at 6. In other words, since the savings clause includes the acts of "any person ... from the employer of such employe[e]" and the Texas Constitutional provision states that, "every person ... shall be responsible" for acts of gross negligence, then an independent cause of action lies against another employee or any person whose gross negligence proximately causes the wrongful death at issue.

 The TWCA applies to accidents that occur to an employee on the job, even if that accident is negligently caused by another employee, as long as the employer could reasonably be held liable for the acts of the offending employee under a theory of *respondeat superior*. *Long v. Turner*, 871 S.W.2d 220, 223 (Tex.App.—El Paso 1993, writ denied) (citations omitted). The general rule is that an employer is liable for compensatory damages caused by the acts of an employee committed within the scope of the employee's authority, in furtherance of the employer's business and in keeping with the object for which the employee was hired. *Id.* at 224. As long as the acts taken by the employee were within his general authority, then adequate liability can be imputed to the employer such that a *negligence* action against the individual employee would be superseded by the exclusive remedy provision of the TWCA.

In this case, Plaintiffs have pleaded that Riddick was the Plant Manager of the relevant plant where the decedent worked. Pls.' First Am. Pet. at 2, para. III. Although they allege no specific act of negligence or gross negligence of Riddick's that contributed to the alleged injury, Plaintiffs do allege that conduct on the part of *both* defendants in exposing the deceased employee to toxic chemicals amounts to gross negligence. A claim against Riddick of simple negligence would be attributable to DuPont, and no action would lie against Riddick individually. The exclusive remedy provision of the TWCA would require that no cause of action for *compensatory damages against Riddick* could be maintained. The only question, therefore, is whether the rules are different for an employee accused of a *grossly negli-*

*gent* act, and its attendant exemplary damages, than they are for a negligent act and compensatory damages. Can an injured employee maintain a cause of action for gross negligence/exemplary damages against a co-worker or supervisor, where the co-worker or supervisor acted in the course and scope of his employment?

As stated above, Plaintiffs argue that, by including the language of "any person ... from the employer" in art. 8306, § 5, the statute clearly evidences a cause of action against those persons who are responsible for grossly negligent acts, irrespective of whether there would be compensatory liability. Further, the court has been given no case law or evidence to the contrary. One could read art. 8306, § 5 to indicate that it is saving a cause of action not only against the employer, but against whatever person or entity is responsible for a grossly negligent act. Such a reading is consistent with TEX. CONST. Art. 16, § 26. The court cannot say as a matter of law that, under the language of this savings clause, an action for gross negligence could not be maintained against a co-worker or supervisor, in his individual capacity.

By inserting this language into the savings clause, the legislature implicitly placed a cause of action for gross negligence on a different footing than a cause of action for negligence. Just as the TWCA limits Plaintiffs' rights to recover against DuPont for negligence, it also limits their rights of recovery against Riddick for negligence. However, because of the operation of TEX.REV.CIV. STAT.ANN. Art. 8306, § 5, the TWCA does not limit Plaintiffs' rights of recovery against DuPont for gross negligence. A separate cause of action may be maintained against Riddick for gross negligence in his individual capacity in the same manner.

## II. CONCLUSION

DuPont has the burden of showing that Plaintiffs could not maintain a cause of action against Riddick in order to show that he was fraudulently joined in order to defeat diversity jurisdiction. The burden is a heavy one, and DuPont has failed to carry it. Therefore, Plaintiffs' Motion to Remand is hereby GRANTED. This case is hereby REMAND-

ED to the 60th Judicial District Court of Jefferson County, Texas. Defendant Riddick's Motion to Dismiss is hereby DISMISSED as MOOT. Additionally, Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Complaint is hereby DISMISSED as MOOT.