## Joyce M. SBRUSCH

### v.

## The DOW CHEMICAL COMPANY.

### No. Civ.A. G–00–517.

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 13, 2000.

W. Mark Lanier, Lanier Parker & Sullivan, Houston, TX, Vaughan O. Stewart, Lake Jackson, TX, for Plaintiff.

Jonathan B. Shoebotham, Woodard Hall et al, Houston, TX, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

KENT, District Judge.

Plaintiff brings suit for the death of her husband, who died allegedly as a result of benzene exposure while working for Defendant. Now before the Court is Plaintiff's Motion to Remand. For the reasons stated below, Plaintiff's Motion is **GRANTED**.

### I. ANALYSIS

Defendant removed the case to this Court on the basis of diversity jurisdiction. Plaintiff does not contest diversity, but rather moves to remand on the basis of 28 U.S.C. § 1445(c) which provides: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Resolution of the issue thus depends on whether Plaintiff's case arises under the workmen's compensation laws of Texas.

A case arises under a workmen's compensation statute for the purposes of § 1445(c) if "the cause of action is created by the workers' compensation statute." *Eurine v. Wyatt Cafeterias, Inc.,* 1991 WL 207468, *1 (N.D.Tex. Aug. 21, 1991); *see also Patin v. Allied Signal, Inc.,* 77 F.3d 782, 787 (5th Cir.1996) (noting that "aris-

ing under" for the purpose of 1445(c) should be interpreted in line with similar standards for federal question jurisdiction). The "arising under" standard is to be interpreted broadly in favor of remand. *See Patin,* 77 F.3d at 787.

Plaintiff brings this action under Texas Labor Code § 408.001(b) which states: "This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence." Defendant contends that section 408.001(b) does not create Plaintiff's cause of action, but merely saves a pre-existing cause of action for gross negligence created by Texas common law, in order to comply with the Texas Constitution.[1] Thus, according to Defendant, Plaintiff's case does not arise under the workmen's compensation laws of Texas.

At the outset, it should be noted that actions for wrongful death did not exist at common law; all actions for wrongful death in Texas are statutory. *See Marmon v. Mustang Aviation, Inc.,* 430 S.W.2d 182, 186 (1968). Thus, there is no pre-existing common law action for exemplary damages that could be saved by section 408.001(b) in this case for wrongful death.

Courts have considered whether section 408.001(b) creates an independent cause of action, though not in the context of remand under 1445(c). Many courts have held that it does. *See Wyble v. E.I. DuPont de Nemours & Co.,* 17 F.Supp.2d 641, 645 (E.D.Tex.1998) ("[A] wrongful death cause of action for gross negligence does exist under the Texas Workers's Compensation Act."); *Callis v. Union Car-*

---

1. Article XVI, § 26 of the Texas Constitution provides: "Every person, corporation, or company that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide." This constitutional provision has been held not to itself create a cause of action for exemplary damages based on wrongful death. *See Travelers Indem. Co. v. Fuller,* 892 S.W.2d 848, 849 (1995).

*bide Chem. & Plastics Corp.,* 932 F.Supp. 168, 172 (S.D.Tex.1996); *Cowen v. Mobil Oil Corp.,* 901 F.Supp. 1204, 1206 (E.D.Tex.1995) ("The Court sees no reason why the statutory remedy outlined in the Texas Labor Code could not form the necessary compensatory damages springboard and thereby allow recovery of exemplary damages."); *Smith v. Atlantic Richfield Co.,* 927 S.W.2d 85, 88 (Tex.App.—Houston [1st Dist] 1996, writ denied) ("We hold as a matter of law the cause of action for exemplary damages provided for in section 408.001(b) of the Labor Code is still viable."). Other courts, interpreting the predecessor to section 400.008, have said that the earlier version of the statute merely saves a pre-existing cause of action. *See Bridges v. Phillips Petroleum Co.,* 733 F.2d 1153 (5th Cir.1984); *Duhart v. Texas,* 610 S.W.2d 740, 742 (1980). In *Bridges,* the statement was dicta, as the focus of the opinion was whether the Texas Constitution and the statute violated the United States Constitution. *See Bridges,* 733 F.2d at 1155–56. Similarly, the Texas Supreme Court in *Duhart* considered the issue mainly in the context of sovereign immunity, where wholly different considerations come into play. *See Duhart,* 610 S.W.2d at 742–43; *Callis,* 932 F.Supp. at 171; *Cowen,* 901 F.Supp. at 1206 (both distinguishing *Duhart* ). Moreover, in a more recent opinion, *Wright v. Gifford–Hill & Co., Inc.,* the Texas Supreme Court decided that a jury finding on the amount of actual damages was not "a prerequisite to recovery of exemplary damages under [the Texas Workmen's compensation statute]." *Wright v. Gifford–Hill & Co., Inc.,* 725 S.W.2d 712, 713 (1987). Thus, *Wright* supports the view that the Texas Supreme Court, if confronted with the issue directly, would hold that section 408.001 creates an independent cause of action for exemplary damages based on wrongful death, as opposed to merely saving a pre-existing cause of action. The Court must conclude that Plaintiff's case arises under the workmen's compensation laws of Texas. Hence

under 28 U.S.C. § 1445(c), the Court must remand.

## II.  *CONCLUSION*

For the reasons stated above, Plaintiffs' Motion To Remand is **GRANTED,** and this case is **REMANDED** to the 23rd Judicial District Court of Brazoria County, Texas.

Furthermore, pursuant to the clear language of 28 U.S.C. § 1447(d), this Order of Remand pursuant to § 1445(c) is unreviewable, by appeal or otherwise. *See also Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 127, 116 S.Ct. 494, 496, 133 L.Ed.2d 461 (1995); *Angelides v. Baylor College of Medicine,* 117 F.3d 833, 835 (5th Cir.1997); *Linton v. Airbus Industrie,* 30 F.3d 592, 600 (5th Cir.1994); *Tillman v. CSX Transp., Inc.,* 929 F.2d 1023, 1024, 1027 (5th Cir.1991).

**IT IS SO ORDERED.**