TEXAS WORKERS' COMPENSATION INSURANCE FUND, Appellant,

v.

Abel ALCORTA and Linda Alcorta, Appellees.

No. 04–97–00882–CV.

Court of Appeals of Texas, San Antonio.

March 17, 1999.

Dawn L. Carmody, Carmody & Bonilla, San Antonio, for Appellant.

Brian A. DeVaney, The Kugle Law Firm, San Antonio, Christa Samaniego, Law Offices of Christa Samaniego, San Antonio, for Appellees.

Sitting: ALMA L. LÓPEZ, Justice CATHERINE STONE, Justice SARAH B. DUNCAN, Justice.

## OPINION

PER CURIAM.

The instant dispute concerns the propriety of an order apportioning attorney's fees out of a workers' compensation subrogation recovery. For the following reasons, we reverse the trial court's order and remand the cause to the trial court.

### FACTUAL AND PROCEDURAL HISTORY

The parties stipulated to the underlying facts. On January 6, 1995, during the course and scope of his employment, Abel Alcorta was injured in an automobile accident due to the negligence of Amber Starr. At the time of the accident, Alcorta's employer was covered by a workers' compensation policy issued by Texas Workers' Compensation Insurance Fund (hereinafter "the Fund"). The Fund paid out $28,031.11 in medical and indemnity benefits to Alcorta. Thereafter, Alcorta sued Starr for recovery of his damages. The Fund intervened in the suit, asserting its statutory right of subrogation and seeking repayment of the benefits it paid on Alcorta's behalf. Prior to trial, the parties settled the dispute, with Starr's policy limits of $20,-035.00 tendered and deposited into the court registry of the court in release of all claims asserted against Starr. Thereafter, the Fund filed a motion for apportionment, asserting entitlement to all of the settlement monies, and disputing Alcorta's entitlement to attorney's fees.

At the hearing, counsel for Alcorta argued that pursuant to section 417.002(a) of the Texas Labor Code, the Fund is entitled to the recovered settlement amount less all the attorney's fees owed and taxable costs of court. Alcorta had entered into a contract for representation under which the attorney's fees amounted to $8,014.00. In response, the Fund opposed Alcorta's reliance upon section 417.002(a), arguing that an award of attorney's fees, if appropriate, is governed by section 417.003(c), which limits such fees to no greater than one-third of the insurance carrier's recovery.

The trial court agreed with Alcorta's position. The trial court expressly rejected section 417.003's application to the instant dispute, and awarded to Alcorta's attorney the amount of fees for which she had contracted, $8,014.00, or approximately 40% of the recovery. Costs of court in the amount of $813.50 were also awarded to Alcorta, with the remaining balance of $11,207.50 awarded to the Fund.

On appeal, the Fund challenges the trial court's order on two levels. It first maintains that it is entitled to the total settlement recovery, as a matter of law, because it is less than the amount of its statutory lien. The Fund argues that an award of attorney's fees to Alcorta's counsel defeats its well-established right to the "first money" paid by the third-party tortfeasor. Alternatively, the Fund contends the trial court's order impermissibly circumvents the statutory limit of fees allowed under section 417.003(c). We agree with the Fund's second-stated argument, but not the first.

### THIRD PARTY LIABILITY CLAIMS

■ We review the trial court's award of attorney's fees under an abuse of discretion standard. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex.1998); *Twin City Fire Ins. Co. v. Jones*, 834 S.W.2d 114, 116–17 (Tex.App.—Houston [1st Dist.] 1992, writ denied). An abuse of discretion lies when the trial court misapplies the law. *See Landon*

*v. Jean–Paul Budinger, Inc.*, 724 S.W.2d 931, 935 (Tex.App.—Austin 1987, no writ). The dictates of section 417.003(c) that the trial court "shall award and apportion" attorney's fees "out of the insurance carrier's subrogation recovery" are not discretionary. *Bocquet*, 972 S.W.2d at 20. Likewise, the court "shall consider the benefit accruing to the insurance carrier as a result of each attorney's service." TEX. LAB.CODE ANN. § 417.003(c) (Vernon 1996). This is a fact question for the court's determination. *Bocquet*, 972 S.W.2d at 20.

■ The Texas Workers' Compensation statute permits an employee to seek damages from the third-party tortfeasor. TEX. LAB. CODE ANN. § 417.001(a) (Vernon 1996). In such case, the insurance carrier is subrogated to the rights of the employee for any benefits paid by the carrier. TEX. LAB.CODE ANN. § 417.001(b) (Vernon 1996). This right creates a lien in favor of the insurance carrier in the amount it has paid to an employee out of the first money recovered from the third-party tortfeasor. TEX. LAB.CODE ANN. § 417.002 (Vernon 1996); *see Watson v. Glens Falls Ins. Co.*, 505 S.W.2d 793, 795 (Tex.1974); *Fort Worth Lloyds v. Haygood*, 151 Tex. 149, 246 S.W.2d 865, 869 (1952). Specifically, section 417.002 provides in pertinent part:

> The *net amount recovered* by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury.

TEX. LAB.CODE ANN. § 417.002(a) (Vernon 1996) (emphasis ours). The Act further provides that, as compensation for pursuing the third-party action, the employee's attorney may recover fees for services rendered.[1] TEX. LAB.CODE ANN. § 417.003 (Vernon 1996); *see Illinois Nat. Ins. Co. v. Perez*, 794 S.W.2d 373, 377 (Tex.App.—Corpus Christi 1990, writ denied) (noting that purpose of awarding attorney's fees is to pay employee's attorney for benefit accruing to carrier as result of attorney's efforts in recovery or

---

1. Attorney's fees are recoverable if one of three situations exists: (1) the insurer hires an attorney to represent it but the attorney does not actively represent it; (2) the worker's attorney represents both the worker and the insurer; and (3) the insurer is actively represented by its attorney who participates in obtaining a recovery. TEX. LAB.CODE ANN. § 417.003 (Vernon 1996).

settlement of third-party case). Such fees are *payable out of the carrier's subrogation recovery* in an amount not to exceed one-third of the insurance carrier's recovery. TEX. LAB.CODE ANN. § 417.003(c) (Vernon 1996) (emphasis ours) (fees apportioned between carrier's attorney and employee's attorney when carrier's attorney "actively represents" carrier and "actively participates" in recovery). Thus, the "net amount recovered" by the employee is the third-party recovery less the employee's attorney's fees. *See* TEX. LAB.CODE ANN. §§ 417.002(a), 417.003(c) (Vernon 1996). That is, by statutory design, the "first money" owed to the carrier—the net amount recovered under section 417.002(a)—is a sum which has been reduced by allowable attorney's fees under section 417.003. Defining "net amount recovered" in this manner gives meaning to both sections 417.002 and 417.003. *See City of West Lake Hills v. Westwood Legal Defense Fund*, 598 S.W.2d 681, 684 (Tex.Civ. App.—Waco 1980, no writ) (when construing statute, one provision will not be given meaning out of harmony or inconsistent with other provisions). Points of error one and two are overruled.

Under section 417.003(c), however, the trial court may not order an award of fees that exceeds one-third of the carrier's recovery. The award in the instant case deviates from this statutory cap. Here, the carrier's recovery was $20,035.00. The trial court awarded attorney's fees in the amount of $8,014.00, approximately 40% of the carrier's recovery. It is immaterial that the trial court's award of fees was consistent with the amount for which Alcorta's attorney had contracted; it constitutes an impermissible circumvention of the statutory limit on attorney's fees as to the carrier's subrogation recovery. *See* TEX. LAB.CODE ANN. 417.003(c) (Vernon 1996). We find, therefore, that the trial court abused its discretion in awarding an amount of attorney's fees that exceeded one-third of the carrier's recovery.

The Fund also complains that the trial court erred in apportioning the costs of court. We need not address this complaint in light of our remand. *See* TEX.R.APP. P. 47.1. The order of the trial court is reversed

and the cause is remanded to the trial court to recalculate the attorney's fees and award of costs in a manner consistent with section 417.003 of the Labor Code.