No. 04-99-00750-CV



DALLAS COUNTY CIVIL SERVICE COMMISSION and Dallas County,


Appellants



v.



Betty Jean WARREN,


Appellee



From the 192nd Judicial District Court, Dallas County, Texas


Trial Court No. 94-12071-K


Honorable Merrill Hartman, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Alma L. López, Justice



Delivered and Filed: April 12, 2000


AFFIRMED


 In Dallas County Civil Service Comm'n v. Warren, 988 S.W.2d 864 (Tex. App.--San
Antonio 1999, no pet.), we reversed the trial court's judgment in favor of Warren on her unjust
dismissal claim, but we affirmed that portion of the judgment in favor of Warren on her due process
claim. Because the two claims were not sufficiently "intertwined to the point of being inseparable,"
we remanded the cause to the trial court with instructions to award Warren only those attorney's fees
relating to her due process claim.(1) See id. at 873. This appeal arises from the trial court's judgment
awarding Warren attorney's fees on remand.

Background


 After this cause was remanded, Warren submitted a new application for attorney's fees which
incorporated the exhibits from her prior application. Those exhibits included the affidavits of the
attorneys who performed services for her and the affidavit of an expert, who stated that the fees
charged by the attorneys were fair and reasonable. After examining the detailed billing statements,
Warren and her attorneys determined that $70,141.50 in attorney's fees were generated in connection
with the litigation of the due process claim. Utilizing updated figures based on additional work
performed, Warren's application states that the total fee for the work performed in relation to the due
process claim was $86,111.50; however, the requested amount of actual fees was voluntarily reduced
to $62,842.75. Warren's attorney stated that the posture of the case made it time-intensive and
undesirable to take. Significant time and attention were devoted to the case, and a large percentage
of the attorneys' time was consumed, as evidenced by the detailed time sheets. Warren's lead
attorney stated that considerable skill was required in handling the case due to its complexity.
Warren's expert stated that he was familiar with the experience of the lead attorneys, and that the
fee rates charged were reasonable. Warren's attorneys handled the case on a contingency basis
because Warren was without resources; however, the fee agreement provided that in the event
attorney's fees were awarded, the attorneys would retain those fees in lieu of a contingency
percentage. Warren's attorney stated that Warren was successful at trial in recovering a substantial
portion of her back wages. In addition to recovering the actual fees, as voluntarily adjusted, Warren
also requested an upward enhancement of 25% or $18,093.63 in view of the results that were
achieved.

 The Commission and County filed a response to Warren's application. The response asserted
that the hourly rate requested for one of the attorneys was excessive, and the affidavits of two
attorneys were attached to the response to support this assertion. Those affidavits also challenged
the number of hours Warren claimed to be related to her due process claim, contending that not more
than fifty hours of total time would have been necessary to prepare and present the due process
portion of Warren's claims. Finally, the response refutes that an upward adjustment to the actual
fees is warranted.

 After hearing the evidence, the trial court awarded $76,579.75 in attorney's fees at the trial
level, plus conditional attorney's fees of $10,000 if appealed to the court of appeals and an additional
$5,000 if appealed to the Texas Supreme Court.

Discussion


 The amount of an award of attorney's fees rests in the sound discretion of the trial court, and
the judgment will not be reversed on appeal without a clear showing of abuse of discretion. See
Texas Workers' Compensation Ins. Fund v. Alcorta, 989 S.W.2d 849, 851 (Tex. App.--San Antonio
1999, no pet.); Rowley v. Lake Area Nat'l Bank, 976 S.W.2d 715, 724 (Tex. App.--Houston [1st
Dist.] 1998, pet. denied). A trial court abuses its discretion when it acts arbitrarily or unreasonably,
without reference to any guiding rules and principles. See Bocquet v. Herring, 972 S.W.2d 19, 21
(Tex. 1998). The standards set forth in Rule 1.04 of the Texas Disciplinary Rules of Professional
Conduct are the principles which guide a trial court in determining the reasonableness of attorneys'
fees. See id. Rule 1.04 sets forth eight factors to be considered, including: (1) the time and labor
required, the novelty and difficulty of the questions involved, and the skill requisite to perform the
legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the
particular employment will preclude other employment by the lawyer; (3) the fee customarily
charged in the locality for similar legal services; (4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of
the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer
or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained
or uncertainty of collection before the legal services have been rendered. Tex. Disciplinary R.
Prof. Conduct 1.04(b) (1989), reprinted in Tex. Gov't Code Ann., tit.2, subtit. G app. (Vernon
1998) (State Bar Rules art. X, § 9). Although the trial court is to be guided by these factors and
principles, the trial court is not required to detail the manner in which it considers those factors.

 Warren's application addressed each of the factors listed in Rule 1.04, and Warren provided
affidavits in support of her application. The affidavits discuss the complexity and consuming nature
of the case, the attorneys' levels of experience, the fees customarily charged, and the results
obtained. On remand, Warren examined the fee statements and segregated those fees she claimed
to relate to the due process claim. Although the Commission and County presented controverting
evidence, the trial court had the discretion to reject that evidence after reviewing the application and
response, the detailed time records and the other evidence submitted. Cf. Ralston Oil & Gas Co. v.
Gensco, Inc., 706 F.2d 685, 697 (5th Cir. 1983) (noting that upon proper segregation of attorney's
fees, same amount may be correct or court may determine that lesser or greater fee is correct). The
trial judge, who originally heard the case, had first-hand knowledge of the time devoted during the
original trial to each claim. The Commission and County believe that the attorney's fees award was
excessive and that the trial judge did not delete a sufficient amount for the work done by Warren's
attorneys on the unjust dismissal claim. As the amount of attorney's fees actually increased, rather
than decreased, the second-time around, the objection by the Commission and County is
understandable. However, the trial judge's award was within the range of the testimony, and the trial
judge was in a better position than an appellate court to make a fair and just allocation of the
attorney's fees, considering the Rule 1.04 standards. While this court would have awarded a lesser
amount of attorney's fees, that does not mean the trial court abused its discretion. See Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985) (abuse of discretion not
established where trial judge's decision is within the judge's discretionary authority even if appellate
court might have decided the matter differently). The trial court acted within its discretion in its
award of attorney's fees on remand.

Conclusion


 The trial court's judgment is affirmed.


 PHIL HARDBERGER,

 CHIEF JUSTICE



DO NOT PUBLISH

1. With respect to the unjust dismissal claim, we concluded that the trial court erroneously submitted the
substantial evidence issue to the jury and that the Commission erroneously imposed the burden of proof on Warren at
the Commission's hearing. Dallas County Civil Service Comm'n, 988 S.W.2d at 870-71. We instructed the trial court
to remand the cause to the Commission for a new hearing at which the burden of proof would be imposed on the County
to prove that Warren's termination was justified by good cause. See id. at 873. The portion of the case relating to the
resolution of the unjust dismissal claim on remand is not before us in the appeal.