**CITY OF DALLAS, Texas, Appellant,**

v.

**Lacey Celeste GATLIN, Amber D. Gatlin, and Debra Gail Gatlin, Appellees.**

**No. 05-09-01425-CV.**

Court of Appeals of Texas, Dallas.

Dec. 6, 2010.

---

Julie A. Essenburg, Barbara E. Rosenberg, City of Dallas Attorney's Office, Dallas, TX, for Appellant.

R. Jack Ayres, Jr., Christopher S. Ayres, The Law Offices of R. Jack Ayres, Jr., P.C., Addison, TX, for Appellees.

Before Justices MORRIS, MOSELEY, and MYERS.

## OPINION

Opinion By Justice MYERS.

The City of Dallas, Texas brings this interlocutory appeal of the trial court's denial of its plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (West 2008). The City brings four issues asserting the trial court erred by determining governmental immunity from suit did not bar the cause of action for exemplary damages brought by appellees Lacey Celeste Gatlin, Amber D. Gatlin, and Debra S. Gatlin. We conclude the City's governmental immunity from suit was not waived, which deprived the trial court of subject matter jurisdiction over the cause, and we dismiss the cause for want of jurisdiction.

## BACKGROUND

On February 13, 2008, Donny Gatlin was employed by the City of Dallas. On that day, Gatlin sustained serious injuries when he fell thirty to fifty feet while performing repair or maintenance work at the Dallas Convention Center. Five days later, Gatlin died from his injuries. The City paid workers' compensation benefits to Gatlin's wife, Debra Gatlin, but not to Gatlin's adult children, Lacey and Amber Gatlin. Appellees sued the City alleging gross negligence and seeking an award of punitive damages only. Appellees alleged the City had waived its governmental immunity under section 408.001(b) of the Texas Labor Code and article XVI, section 26 of the Texas Constitution.

The City filed its plea to the jurisdiction, alleging it had not waived its governmental immunity. After a hearing, the trial court denied the City's plea to the jurisdiction.

## GOVERNMENTAL IMMUNITY

 In its first issue, the City contends the trial court erred by denying its plea to the jurisdiction. We review the trial court's ruling on a plea to the jurisdiction under a de novo standard. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 228 (Tex.2004). If the plea challenges the sufficiency of the claimant's pleadings, the trial court must construe the pleadings liberally in the claimant's favor and deny the plea if the claimant has alleged facts affirmatively demonstrating jurisdiction to hear the case. If the pleadings are insufficient, the court should afford an opportunity to replead if the defects are potentially curable but may dismiss if the pleadings affirmatively negate the existence of jurisdiction. *Id.* at 226–27.

 Governmental immunity exists to protect the government from lawsuits and liability for money damages. *Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 655 (Tex.2008); *Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 374 (Tex.2006). "Such lawsuits 'hamper governmental functions by requiring tax resources to be used for defending lawsuits and paying judgments rather than using those resources for their intended purposes.'" *Garcia,* 253 S.W.3d at 655 (quoting *Reata Constr. Corp.,* 197 S.W.3d at 375).

 In Texas, governmental immunity deprives a trial court of subject matter jurisdiction for suits against governmental units unless the government consents to suit. *Miranda,* 133 S.W.3d at 224. A municipality has governmental immunity to the extent the municipality engages in the exercise of governmental functions, ex-

cept when that immunity has been waived. *Temple v. City of Houston*, 189 S.W.3d 816, 818 (Tex.App.-Houston [1st Dist.] 2006, no pet.). A municipality's governmental functions include "convention centers." TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(a)(16) (West 2005).

## EXEMPLARY DAMAGES UNDER THE LABOR CODE

In its second issue, the City contends the Texas Labor Code does not provide a waiver of governmental immunity for gross negligence and exemplary damages against the City. Appellees assert the Texas Labor Code permits such a suit under section 408.001(b).

■■■ In section 408.001, the labor code provides that "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee ... or a legal beneficiary against the employer for the death of ... the employee." TEX. LAB.CODE ANN. § 408.001(a) (West 2006). Paragraph (b) of that section provides that "[t]his section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused ... by the employer's gross negligence." *Id.* § 408.001(b). Section 408.002 provides, "A right of action survives in a case based on a compensable injury that results in the employee's death." These three provisions generally prohibit an employee receiving workers' compensation benefits or his beneficiaries from bringing suit against the employer for actual damages. However, the provisions permit the spouse and heirs of a deceased employee to bring suit for the death of the employee and to recover exemplary damages from the employer for its gross negligence notwithstanding the fact that workers' compensation benefits were paid for the employee's death. *See*

*Wright v. Gifford–Hill & Co.*, 725 S.W.2d 712, 714 (Tex.1987).

■■ Those provisions, however, do not waive governmental immunity to suit. *See City of LaPorte v. Barfield*, 898 S.W.2d 288, 295–96 (Tex.1995). To the extent immunity may be waived, that waiver is provided by the Political Subdivisions Law, chapter 504 of the labor code, which makes many of the provisions of the workers' compensation system applicable to political subdivisions of the state, including municipalities. *See* TEX. LAB.CODE ANN. § 504.001(3) (West 2006); *Kuhl v. City of Garland*, 910 S.W.2d 929, 930–31 (Tex. 1995) (per curiam) (city's governmental immunity waived for claim of retaliatory discharge under Workers' Compensation Act); *Barfield*, 898 S.W.2d at 294–98. That law provides, however, that it does not authorize a cause of action or damages beyond those authorized by the Tort Claims Act. TEX. LAB.CODE ANN. § 504.002(c). The Tort Claims Act "does not authorize exemplary damages." TEX. CIV. PRAC. & REM.CODE ANN. § 101.024. Furthermore, the legislature did not extend to employees of political subdivisions section 408.001(b)'s provisions permitting a deceased employee's spouse and heirs the right to sue for exemplary damages for the employer's gross negligence. *See* TEX. LAB.CODE ANN. § 504.002(a)(6) (West 2006) ("The following provisions ... apply to and are included in this chapter ...:(6) Chapter 408, other than Sections 408.001(b)....").

Because the Political Subdivisions Law expressly omits section 408.001(b), that section does not provide a basis for appellees to recover damages against the City, and it does not waive the City's immunity from suit. Likewise, the Political Subdivisions Law's limited waiver of immunity to actions and damages authorized by the Tort Claims Act does not waive immunity

from a suit solely for exemplary damages because the Tort Claims Act does not authorize exemplary damages. *See Barfield,* 898 S.W.2d at 299. We sustain the City's second issue.

## EXEMPLARY DAMAGES UNDER THE TEXAS CONSTITUTION

In its third issue, the City contends that article XVI, section 26 of the Texas Constitution does not waive the City's immunity from suit for gross negligence and exemplary damages. Article XVI, section 26 provides:

> Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide.

Tex. Const. art. XVI, § 26. Appellees assert this provision constitutes a waiver of the City's immunity from suit for gross negligence and for exemplary damages. They argue that section 504.002(a)(6)'s failure to make applicable to municipalities section 408.001(b)'s allowance of a suit against a subscribing employer for gross negligence and exemplary damages conflicts with article XVI, section 26 and renders section 504.002(a)(6) unconstitutional. They also argue that article XVI, section

26 provides an independent cause of action for exemplary damages.

### No Waiver of Immunity Under Article XVI, Section 26

 Constitutional provisions are construed in light of the common law as it existed at the time of adoption, and their meaning is not different at any subsequent time. *Jones v. Ross,* 141 Tex. 415, 173 S.W.2d 1022, 1024 (1943). When article XVI, section 26 was adopted, the common law included "absolute" sovereign immunity for governmental entities performing governmental functions. *Landeros v. City of El Paso,* 804 S.W.2d 188, 189 (Tex.App.-El Paso 1991, writ denied); *Lynch v. Port of Houston Auth.,* 671 S.W.2d 954, 960 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.). As the *Lynch* court stated, "Since that constitutional provision does not expressly address the matter of sovereign immunity, we refuse to find that Article XVI, Section 26 is either a waiver of sovereign immunity or an independent source of a cause of action against a governmental entity for exemplary damages." *Lynch,* 671 S.W.2d at 960; *see also Landeros,* 804 S.W.2d at 189 (governmental immunity not waived by article XVI, section 26). In this case, the suit concerns a statutorily designated governmental function, "convention centers." Tex. Civ. Prac. & Rem.Code Ann. § 101.0215(a)(16). No published case has held that article XVI, section 26 waives a governmental entity's governmental immunity.[1] We conclude

1. Appellees cite *Pate & Pate Enterprises, Inc. v. City of Eagle Pass,* No. 04–96–00980–CV, 1997 WL 578741 (Tex.App.-San Antonio Sept. 17, 1997, pet. dism'd by agr.) (not designated for publication). That case involved a claim for contribution and indemnification against the City that was derivative of the rights of the deceased employees to sue the City for gross negligence. *Id.* at *2. The City asserted the claim was barred by the Workers' Compensation Act under section 408.001(a) of the labor code and by governmental immunity. *Id.*

The court of appeals concluded the employees had a viable claim for gross negligence because such a claim is permitted by section 408.001(b) of the labor code, which incorporated article XVI, section 26, and because the City's immunity was waived by the Texas Tort Claims Act, section 101.021(2) of the civil practice and remedies code. *See id.* at *2–3 (quoting Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2) (West 2005)). The court's decision fails to recognize, however, that section 408.001(b) is not applicable to municipalities.

that article XVI, section 26 does not waive the City's immunity from suit in this case.

## Constitutionality of Section 504.002(a)(6)

Appellees also contend that section 504.002(a)(6)'s failure to make applicable to municipalities section 408.001(b)'s allowance of a suit for gross negligence and exemplary damages against an employer paying workers' compensation benefits conflicts with article XVI, section 26's provisions permitting such lawsuits. However, because we have concluded that article XVI, section 26 does not waive the City's immunity from suit for gross negligence and exemplary damages, we conclude that section 504.002's failure to make section 408.001(b) applicable to municipalities does not conflict with article XVI, section 26.

## No Independent Cause of Action for Exemplary Damages

■ Appellees assert cases have held that article XVI, section 26 provides an independent cause of action for exemplary damages, citing the Texas cases *Zacharie v. U.S. Natural Resources, Inc.*, 94 S.W.3d 748 (Tex.App.-San Antonio 2002, no pet.); *Perez v. Todd Shipyards Corp.*, 999 S.W.2d 31 (Tex.App.-Houston [14th Dist.] 1999), *pet. denied*, 35 S.W.3d 598 (Tex. 2000);[2] and *Smith v. Atlantic Richfield Co.*, 927 S.W.2d 85 (Tex.App.-Houston [1st Dist.] 1996, writ denied), and the federal cases *Castillo v. Angelo Iafrate Construction, L.L.C.*, No. Civ. A. 303CV0061L, 2003

WL 22287637 (N.D.Tex. Sept. 30, 2003); *Sbrusch v. Dow Chemical Co.*, 124 F.Supp.2d 1090, 1092 (S.D.Tex.2000); *Wyble v. E.I. DuPont de Nemours & Co.*, 17 F.Supp.2d 641 (E.D.Tex.1998); and *Cowen v. Mobil Oil Corp.*, 901 F.Supp. 1204 (E.D.Tex.1995). In these cases, however, the courts determined the plaintiffs had causes of action for exemplary damages under section 408.001(b) of the labor code or its predecessor, article 8306, section 5 of the Texas Revised Civil Statutes. The courts did not hold that any of the plaintiffs could bring an independent cause of action under article XVI, section 26. *See Zacharie*, 94 S.W.3d at 758 (Texas Workers' Compensation Act "expressly gives" plaintiffs the nonderivative right to sue for gross negligence and exemplary damages); *Perez*, 999 S.W.2d at 33 ("cause of action provided to the surviving family under the Texas Constitution and the Labor Code"); *Smith*, 927 S.W.2d at 88 (court held "the cause of action for exemplary damages provided for in section 408.001(b) of the Labor Code is still viable"; court did not address the existence of an independent cause of action under article XVI, section 26); *Castillo*, 2003 WL 22287637, at *4 (concluding plaintiffs' case "arises under" the Texas workers' compensation laws); *Sbrusch*, 124 F.Supp.2d at 1091 (concluding plaintiff's suit against employer for exemplary damages arose under workers' compensation statute: "the cause of action is created by the workers' compensation statute" (quoting *Eurine v. Wyatt Cafeterias, Inc.*, No. 3–91–0408–H, 1991 WL

---

*See* TEX. LAB.CODE ANN. § 504.002(a)(6). Moreover, nothing in the opinion indicates that exemplary damages were sought against the city or that the city's immunity to suit for exemplary damages was waived. We conclude that the case does not support appellees' assertion that article XVI, section 26 waives the City's immunity from a suit for exemplary damages. Furthermore, because the case was decided before January 1, 2003

and was not designated for publication, it has no precedential value. *See* TEX.R.APP. P. 47.7(b).

**2.** The Houston 14th District Court of Appeals subsequently overruled another portion of *Perez*. *See Ross v. Union Carbide Corp.*, 296 S.W.3d 206 (Tex.App.-Houston [14th Dist.] 2009, pet. denied) (en banc).

207468, at *1 (N.D.Tex. Aug. 21, 1991)); *Wyble*, 17 F.Supp.2d at 645–46 ("because of the operation of TEX.REV.CIV. STAT. ANN. art. 8306, § 5, . . . a separate cause of action may be maintained against [the fellow employee] for gross negligence"); *Cowen*, 901 F.Supp. at 1206–07 ("The court sees no reason why the statutory remedy outlined in the Texas Labor Code could not form the necessary compensatory damages springboard and thereby allow recovery of exemplary damages."). Furthermore, in *Sbrusch*, the court noted that the Texas Supreme Court had held that article XVI, section 26 does not create a cause of action for exemplary damages based on wrongful death. *Sbrusch*, 124 F.Supp.2d at 1091 n. 1 (citing *Travelers Indem. Co. v. Fuller*, 892 S.W.2d 848, 849 (Tex.1995)).

It also appears that appellees rely upon *Wright v. Gifford–Hill & Co.*, 725 S.W.2d 712 (Tex.1987). In that case, the plaintiff sued the deceased's employer for exemplary damages under section 408.001(b). At trial, the plaintiff obtained jury findings on gross negligence and proximate causation in the plaintiff's favor, but she did not submit jury questions on actual damages. The court of appeals determined that because the plaintiff did not obtain jury findings on the existence and amount of actual damages, she could not recover exemplary damages. The plaintiff argued to the supreme court that the court of appeals' decision violated article XVI, section 26. *Wright*, 725 S.W.2d at 713. The supreme court held under the predecessor statute to section 408.001(b) that a plaintiff did not have to obtain a finding on the amount of actual damages to recover exemplary damages under that statute. *Id.* at 714. The supreme court did not address the plaintiff's argument concerning article XVI, section 26.

None of the cases appellees cite holds that article XVI, section 26 creates an independent cause of action for exemplary damages. Moreover, none of them involves governmental entities or the issue of immunity from suit.

The Texas Supreme Court has held that when the Workers' Compensation Act bars a suit for compensatory damages and does not expressly permit a cause of action for exemplary damages, then article XVI, section 26 does not provide an independent cause of action for exemplary damages. In *Travelers Indemnity Co. v. Fuller*, Travelers was the workers' compensation carrier for Fuller's employer, a refinery. *Travelers Indem. Co.*, 892 S.W.2d at 849. Travelers regularly performed safety checks and industrial hygiene surveys of the refinery. Fuller was killed when he was exposed to assorted polynuclear, aromatic hydrocarbons. Fuller's daughter sued Travelers alleging it was grossly negligent in failing to alleviate the safety hazards at the refinery and in failing to warn Fuller of the safety hazards. *Id.* The Workers' Compensation Act provided that a carrier could not be liable for an accident based on the allegation that the accident was caused or could have been prevented by a program inspection or other activity or service of the carrier for the prevention of accidents. *Id.* at 849–50. The plaintiff argued that even though her suit for actual damages against Travelers was barred by the Workers' Compensation Act, she could still bring suit for exemplary damages under article XVI, section 26. *Id.* at 850. She asserted that the legislature was powerless to impair her punitive recovery. *Id.* The supreme court disagreed. The court observed that the constitutional provision was adopted to allow recovery of exemplary damages under the wrongful death act because early interpretations of that act concluded it did not authorize the award of exemplary damages. The court stated that article XVI, section 26 "did not abrogate the common law requirement of actu-

al damages and extend the remedy to those with no cause of action under the [wrongful death] Act." *Id.* at 851 (citing *Ritz v. City of Austin,* 1 Tex.Civ.App. 455, 20 S.W. 1029, 1031 (Austin 1892, writ ref'd)). The court stated that if the intention of article XVI, section 26 was to overturn the historical common law "actual damages" rule, "we believe it would not have done so by inference; rather it would have done so expressly." *Id.* at 852. The court concluded:

> Because the Workers' Compensation Act bars Fuller's cause of action for compensatory damages, and because Article 16, Section 26 guarantees the remedy of punitive damages only when a wrongful death beneficiary otherwise possesses a cause of action for compensatory relief, we reverse the judgment of the court of appeals and render judgment that Fuller take nothing.

*Id.* at 853.

 In this case, section 408.001(a), made applicable to the City through section 504.002(a)(6), bars appellees' cause of action for compensatory damages. As *Travelers Indemnity Co.* holds, article XVI, section 26 does not permit the recovery of punitive damages when the plaintiff lacks a cause of action for compensatory relief.

We conclude the trial court erred by determining the City had waived its governmental immunity from suit in this case. We sustain the City's third issue.[3]

## CONCLUSION

We conclude the trial court erred by denying the City's plea to the jurisdiction, and we sustain the City's first issue. We also conclude appellees' pleading affirmatively negates the existence of jurisdiction. Accordingly, we reverse the trial court's order denying the City's plea to the jurisdiction, and we order the cause dismissed for want of jurisdiction.

---

**3.** In its fourth issue, the City asserts the Texas Tort Claims Act does not provide a waiver of governmental immunity for a suit for exemplary damages against the City. We do not reach this issue because appellees have not asserted a waiver of immunity under the Texas Tort Claims Act.