**Reversed, Rendered, and Opinion Filed May 23, 2023**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00981-CV

**HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant**
**V.**
**JANERY FRANCOIS, Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-08336**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Wright[1]
Opinion by Justice Partida-Kipness

This appeal involves a dispute over the allocation of a third-party settlement in a workers' compensation case. Appellant Hartford Accident & Indemnity Company, the workers' compensation carrier, appeals the trial court's judgment following a bench trial. Hartford challenges the trial court's allocation of the settlement amount and award of additional attorney's fees of $10,000. We conclude the trial court's allocation was erroneous and the additional award of attorney's fees

---

[1] The Hon. Carolyn Wright, Justice, Assigned

was an abuse of discretion. We reverse the judgment and render the judgment the trial court should have rendered.

## BACKGROUND

Appellee Janery Francois sustained a work-related injury in 2015. Hartford paid Francois $356,669.73 in medical and indemnity benefits under her employer's workers' compensation policy. Francois sued the owner and operator of the building where she sustained her injury, Parmenter Realty & Investment Company, Inc., and settled that claim for $150,000. Hartford then intervened in the lawsuit and asserted its subrogation rights. Hartford and Francois disagreed on how the $150,000 settlement should be allocated in relation to the workers' compensation lien. At the center of the dispute was the parties' disagreement of how to calculate "the net amount recovered" by Francois under section 417.002(a) of the Texas Labor Code. *See* TEX. LAB. CODE § 417.002(a) ("The net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury."). The dispute proceeded to a bench trial.

At trial, Francois's counsel maintained the "net recovery"[2] is determined after counsel's 40% contingency fee is taken out of the gross settlement. Using this framework, Francois calculated the "net recovery" to be $85,206.03 as follows:

---

[2] Francois's counsel referred to the "net amount recovered" of section 417.002(a) as the "net recovery" at trial. These terms are not interchangeable. To accurately reflect the parties' arguments, however, we will use the term "net recovery" in this opinion when that is the term used by Francois below.

$$\begin{aligned}&\$150{,}000 \ (\textit{gross settlement})\\&-\$60{,}000 \ (40\% \ \textit{contingency fee})\\&\underline{\ \ -\$4{,}793.97 \ (\textit{pro rata expenses})\ }\\&\$85{,}206.03 \ (\textit{net recovery})\end{aligned}$$

Counsel next argued that the trial court could award him additional attorney's fees under section 417.003 because Hartford did not participate in the lawsuit against Parmenter Realty. *See* TEX. LAB. CODE § 417.003(a).[3] Francois's counsel agreed any fees awarded under section 417.003 could not exceed one-third of the "net recovery." *See id.* § 417.003(a)(1). Using that formula, counsel concluded he was entitled to an award of $28,117.98 as section 417.003 attorney's fees, which was one-third of the net recovery of $85,206.03. By subtracting the section 417.003 fees from the net recovery, Francois's counsel argued Hartford's recovery should be $58,088.05:

$$\begin{aligned}&\$85{,}206.03 \ (\textit{net recovery})\\&\underline{-\$28{,}117.99 \ (\S\, 417.003 \ \textit{fees})}\\&\$58{,}088.04 \ (\textit{Hartford's recovery})\end{aligned}$$

Finally, Francois's counsel argued he was entitled to attorney's fees of $10,000 defending the intervention and participating in the bench trial. He sought

---

[3] Section 417.003(a) of the labor code provides:

(a) An insurance carrier whose interest is not actively represented by an attorney in a third-party action shall pay a fee to an attorney representing the claimant in the amount agreed on between the attorney and the insurance carrier. In the absence of an agreement, the court shall award to the attorney payable out of the insurance carrier's recovery:

(1) a reasonable fee for recovery of the insurance carrier's interest that may not exceed one-third of the insurance carrier's recovery; and

(2) a proportionate share of expenses.

TEX. LAB. CODE § 417.003(a).

those fees under section 37.009 of the Texas Civil Practice and Remedies Code and maintained he was entitled to such fees because Hartford refused to negotiate a lesser recovery. Francois characterized Hartford's unwillingness to negotiate a lower subrogation lien as an improper tactic and intentional failure to follow established law.

Hartford, in contrast, argued that under the "first money" rule, Hartford's recovery is calculated by subtracting section 417.003 fees and expenses from the gross settlement. Hartford's calculation was simple:

$$\begin{array}{l} \$150,000 \ (gross\ settlement) \\ -\$50,000 \ (\S\ 417.003\ fees) \\ \underline{-\$4,793.97 \ (pro\ rata\ expenses)} \\ \$95,206.03 \ (Hartford's\ recovery) \end{array}$$

The trial court adopted Francois's proposed allocation. Following a bench trial, the trial court rendered judgment on Hartford's declaratory judgment claim and awarded $57,088.04 of the settlement to Hartford, and $92,911.96 to Francois and her counsel. The $92,911.96 awarded to Francois and her counsel was comprised of the following: (1) attorney's fees of $60,000, which was 40% of the gross settlement, (2) reasonable and necessary expenses of $4,793.97, and (3) section 417.003 fees of $28,117.99, which was one-third of the "net recovery" calculated by the court. The trial court also awarded Francois's counsel additional attorney's fees of $10,000 pursuant to TEX. CIV. PRAC. & REM. CODE § 37.009. This appeal followed.

**ANALYSIS**

Hartford brings two issues on appeal. First, Hartford challenges the trial court's allocation of the settlement amount. Second, Hartford contends the trial court abused its discretion by awarding Francois's counsel $10,000 in additional attorney's fees.

## I.    Allocation of Settlement

In its first issue, Hartford contends the trial court's settlement allocation failed to award Hartford the statutorily-required "first money" from Francois's third-party settlement. Hartford maintains it should have recovered $95,206.03, not $57,088.04 as awarded in the judgment. We review this issue de novo because it presents the Court with a question of law concerning statutory interpretation and application. *Empower Texans, Inc. v. Dallas Cnty.*, 648 S.W.3d 664, 669 (Tex. App.—Dallas 2022, pet. denied) (citing *Bush v. Lone Oak Club, LLC*, 601 S.W.3d 639, 647 (Tex. 2020)).

An employee may seek damages from a third party who is liable for an injury that is compensable under the labor code. TEX. LAB. CODE § 417.001(a). When a benefit is claimed by an injured employee, the insurance carrier is subrogated to the rights of the injured employee. *Id.* § 417.001(b). The distribution of the proceeds recovered from third parties is governed by section 417.002, which provides:

> (a) The net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury.

–5–

*Id.* § 417.002(a).

It is well-established that an insurance carrier is entitled to recover all benefits paid to an injured worker out of the "first money" the worker recovers from a liable third party. *See, e.g.*, *Exxon Mobile Corp. v. Ins. Co. of Am.*, 568 S.W.3d 650, 651, 655–56 (Tex. 2019) (citing TEX. LAB. CODE §§ 417.001–.002) (the insurance carrier has the right to "the first money a worker receives from a tortfeasor," and "the employee has no right to any sums recovered from a third party until the carrier is reimbursed in full.") (internal quotation marks and footnotes omitted); *see also Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 35 (Tex. 2008) ("carrier gets the first money a worker receives from a tortfeasor"); *Argonaut Ins. Co. v. Baker*, 87 S.W.3d 526, 530 (Tex. 2002) ("For decades, the law has been that, under the Workers' Compensation Act's subrogation provision, 'the first money paid [to] or recovered by the employee, or his representatives, belongs to the compensation carrier paying the compensation, and until it is paid in full, the employee, or his representatives, have no right to any funds.'") (quoting *Fort Worth Lloyds v. Haygood*, 151 Tex. 149, 246 S.W.2d 865, 869 (1952)). The subrogation right "creates a lien in favor of the insurance carrier in the amount it has paid to an employee out of the first money recovered from the third-party tortfeasor." *Tex. Workers' Comp. Ins. Fund v. Alcorta*, 989 S.W.2d 849, 851 (Tex. App.—San Antonio 1999, no pet.).

"[U]ntil a carrier is reimbursed in full, 'the employee or his representatives have no right to any of such funds.'" *Ledbetter*, 251 S.W.3d at 36 (quoting *Capitol*

*Aggregates, Inc. v. Great Am. Ins. Co.*, 408 S.W.2d 922, 923 (Tex. 1966)). "Thus, rather than the employee owning the money and being forced to disgorge it, the carrier is first entitled to the money up to the total amount of benefits it has paid, . . . ." *Argonaut Ins.*, 87 S.W.3d at 530. "After the carrier is fully reimbursed, then any additional money goes to the employee." *Delgado v. Tex. Mun. League Intergovernmental Risk Pool*, No. 13-09-00126-CV, 2009 WL 2712416, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2009, no pet.) (mem. op.) (citing TEX. LAB. CODE § 417.002(b)). "First-money reimbursement is essential to the workers' compensation system because it reduces costs to the carrier and, thus, to the employer and the public." *Delgado*, 2009 WL 2712416, at *2–3; *Ledbetter*, 251 S.W.3d at 35 (noting another benefit of first-money reimbursement is the prevention of "double recovery by workers.").

However, a "first money" recovery does not always result in an insurer recovering the full amount of the settlement. Rather, the subrogation amount must be calculated in accordance with section 417.003, which provides that the employee's attorney may recover certain attorney's fees and "a proportionate share of expenses" as compensation for pursuing the third-party action. TEX. LAB. CODE § 417.003(a). That provision states:

> (a) An insurance carrier whose interest is not actively represented by an attorney in a third-party action shall pay a fee to an attorney representing the claimant in the amount agreed on between the attorney and the insurance carrier. In the absence of an agreement, the court shall award to the attorney payable out of the insurance carrier's recovery:

–7–

> (1) a reasonable fee for recovery of the insurance carrier's interest that may not exceed one-third of the insurance carrier's recovery; and

> (2) a proportionate share of expenses.

*Id.* § 417.003(a). "By enacting section 417.003, the legislature intended to compensate claimants who perform work for the benefit of a subrogated insurance carrier and to prohibit the worker's compensation carrier from obtaining a 'free ride' from the efforts of the claimant's attorney." *Caesar v. Bohacek*, 176 S.W.3d 282, 285 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

Here, it is undisputed that Hartford provided workers' compensation coverage and paid Francois $356,669.73 in medical and indemnity benefits. The parties also agree Hartford did not participate in the underlying third-party action, and the settlement was procured solely by the efforts of Francois's counsel. As such, sections 417.001, 417.002(a), and 417.003(a) apply to the allocation of Francois's settlement with Parmenter Realty. TEX. LAB. CODE §§ 417.001, 417.002(a), 417.003(a). The parties disagree, however, with the application of those provisions to the settlement.

The dispute centers on the definition of "net amount recovered" in section 417.002(a) and how to calculate section 417.003 fees. Francois maintains the "net amount recovered" is the settlement amount minus her counsel's 40% contingency fee and pro rata expenses. Hartford, in contrast, contends the "net amount recovered" is $150,000 (the gross settlement) and section 417.003 must be calculated from that amount. We agree with Hartford.

Chapter 417 of the labor code does not define "net amount recovered." TEX. LAB. CODE § 417.002(a). Two of our sister courts, however, have defined "net amount recovered" as Hartford does here and explained how section 417.002 and 417.003 work together to allocate third-party settlement funds. *See Alcorta*, 989 S.W.2d at 852; *see also Delgado*, 2009 WL 2712416, at *4.

For example, in *Alcorta*, the third-party settlement of $20,035.00 was less than the subrogation lien of $28,031.11. *Alcorta*, 989 S.W.2d at 850. The trial court allocated the settlement amount by awarding Alcorta's attorney the amount of fees for which she had contracted, $8,014.00, or approximately 40% of the recovery, awarding Alcorta costs of court in the amount of $813.50, and awarding the carrier the remaining balance of $11,207.50. *Id.* at 851. The San Antonio Court of Appeals concluded the allocation was erroneous because the fees awarded to counsel constituted "an impermissible circumvention of the statutory limit on attorney's fees as to the carrier's subrogation recovery." *Id.* at 852 (citing TEX. LAB. CODE § 417.003(c)). The *Alcorta* court noted that the Fund's "recovery was $20,035.00," (i.e., the gross settlement), and the amount of fees permitted under the statute could not exceed one-third of that recovery. *Id.* at 851–52 (noting that section 417.003 fees "are payable out of the carrier's subrogation recovery in an amount not to exceed one-third of the insurance carrier's recovery."). In so holding, the court explained the relationship between sections 417.002(a) and 417.003, and defined "net amount recovered" as the settlement amount minus section 417.003 fees:

> The "net amount recovered" by the employee is the third-party recovery less the employee's attorney's fees. That is, by statutory design, the "first money" owed to the carrier—the net amount recovered under section 417.002(a)—is a sum which has been reduced by allowable attorney's fees under section 417.003. Defining "net amount recovered" in this manner gives meaning to both sections 417.002 and 417.003.

*Id.* at 852 (internal citations omitted).

The Thirteenth Court of Appeals similarly used the gross settlement amount as the "net amount recovered" from which it then calculated the appropriate Chapter 417 allocation. *Delgado*, 2009 WL 2712416, at *4. In that case, Delgado received $25,028 in settlement proceeds from the third-party tortfeasor, and the trial court awarded Delgado's trial attorney fees of $8,342.66, which was one-third of the settlement proceeds. *Id.* The appellate court affirmed the allocation "[b]ecause the award of attorney's fees comports with section 417.003 of the labor code, . . ." *Id.* In reaching that conclusion, the *Delgado* court explained that the "net amount recovered" under section 417.002(a) is "the 'first money' owed to the carrier" and "is a sum which has been reduced by allowable attorney's fees under section 417.003." *Delgado,* 2009 WL 2712416, at *3 (quoting *Alcorta*, 989 S.W.2d at 852).

In both *Alcorta* and *Delgado*, the subrogation lien exceeded the third-party settlement. Under those circumstances, the "net amount recovered" was calculated by subtracting the fees and proportionate expenses permitted under section 417.003 from the total settlement amount. We agree with this approach.

–10–

Under Chapter 417, the insurance carrier has the right to "the first money a worker receives from a tortfeasor," and "the employee has no right to any sums recovered from a third party until the carrier is reimbursed in full." *Stevenson v. Texas Mut. Ins. Co.*, No. 05-21-00464-CV, 2022 WL 1514670 at *2 (Tex. App.—Dallas May 13, 2022, pet. denied) (mem. op.) (quoting *Exxon Mobile Corp. v. Ins. Co. of Am.*, 568 S.W.3d 650, 655–56 (Tex. 2019)). Hartford is, therefore, entitled to the first money Francois recovered in the settlement with Parmenter Realty, and Francois has no right to the settlement money until Hartford is paid in full. *See Stevenson*, 2022 WL 1514670 at *2. Here, the settlement amount ($150,000.00) does not exceed the amount of Hartford's subrogation interest ($356,669.73). Where, as here, the settlement amount does not exceed the subrogation interest, the carrier is entitled to the full amount of the settlement minus payment of attorney's fees and expenses that the carrier must pay to the claimant's counsel pursuant to section 417.003. *See id.*; *see also Delgado*, 2009 WL 2712416, at *3; *Alcorta*, 989 S.W.2d at 852. We conclude the trial court erred by using a "net amount recovered" that was less than the total settlement to allocate the settlement under Chapter 417.

Further, the trial court abused its discretion by awarding Francois's counsel's attorney's fees in excess of one-third of the total settlement. The $92,911.96 awarded to Francois and her counsel included: (1) attorney's fees of $60,000, which was 40% of the total settlement, (2) reasonable and necessary expenses of $4,793.97, and (3) additional attorney's fees of $28,117.99, which was one-third of the "net recovery"

–11–

calculated by the court. Section 417.003 caps any fees awarded to a claimant's attorney at "one-third of the insurance carrier's recovery." TEX. LAB. CODE § 417.003(a). As discussed above, Hartford's recovery for the purposes of section 417.003 is the total settlement of $150,000. The trial court's award of $88,117.99 in fees is 58.7% of the total settlement and therefore, in excess of what is permitted under the statute.

Applying the authorities cited above, we conclude Hartford was entitled to recover $95,206.03, which is the full amount of the $150,000 settlement minus section 417.003 fees of $50,000 and proportionate expenses of $4,793.97 properly awarded to Francois and her counsel.[4] *See* TEX. LAB. CODE § 417.003(a); *see also Stevenson*, 2022 WL 1514670 at *2. We sustain Hartford's first issue, reverse the trial court's judgment on Hartford's declaratory judgment action, and render judgment awarding Hartford $95,206.03 and awarding Francois and her counsel $54,793.97.

## II. Additional Attorney's Fees

In its second issue, Hartford argues Francois's counsel was not entitled to additional attorney's fees under Chapter 37 of the Texas Civil Practice and Remedies

---

[4] To support her allocation calculation, Francois relies on *Lumbermens Mut. Casualty Co. v. Parrent*, No. 05-96-01144-CV, 1998 WL 182803, at *1(Tex. App.—Dallas Apr. 20, 1998, no pet.) (not designated for publication). We find *Lumbermens Mutual* inapplicable. Because the case was decided before January 1, 2003 and was not designated for publication, it has no precedential value. *See City of Dallas v. Gatlin*, 329 S.W.3d 222, 228 (Tex. App.—Dallas 2010, no pet.) (citing TEX. R. APP. P. 47.7(b)). Further, the opinion applied a prior and now-repealed statute. *Lumbermens Mut.*, 1998 WL 182803, at *1, n.2 (noting that the workers' compensation act applicable there was repealed in December 1989 and replaced by a new workers compensation act effective January 1991).

Code (the Uniform Declaratory Judgments Act or UDJA). We review an award of attorney's fees for an abuse of discretion. *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Mata & Bordini, Inc.*, 2 S.W.3d 312, 319 (Tex. App.—San Antonio 1999, pet. denied).

The UDJA provides that a trial court may award costs and reasonable attorney's fees when doing so is equitable and just. TEX. CIV. PRAC. & REM. CODE § 37.009. The UDJA "entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). "Unreasonable fees cannot be awarded [under the UDJA], even if the [trial] court believed them just, but the court may conclude that it is not equitable or just to award even reasonable and necessary fees." *Id.* A party need not prevail to be awarded attorney's fees under the UDJA. *Castille v. Serv. Datsun, Inc.*, No. 01-16-00082-CV, 2017 WL 3910918, at *10 (Tex. App.—Houston [1st Dist.] Sept. 7, 2017, no pet.) (mem. op.); *Hunt v. Baldwin*, 68 S.W.3d 117, 135 (Tex. App.—Houston [14th Dist.] 2001, no pet.). The question of whether a fee award is equitable and just "is not susceptible to direct proof but is rather a matter of fairness in light of all the circumstances." *Ridge Oil Co., v. Guinn Invs., Inc.*, 148 S.W.3d 143, 162 (Tex. 2004). Hartford argues the award of $10,000 in attorney's fees was not equitable and just. We agree.

First, the award of additional fees to Francois is in direct contravention of the limit on fees imposed by section 417.003 and constitutes a windfall for Francois. TEX. LABOR CODE § 417.003(a) (the fee awarded by the trial court may not exceed one-third of the carrier's recovery). By awarding the additional fees, the amount of fees awarded to Francois's attorneys exceeds one-third of the net amount recovered (in this case, the full settlement amount) and, therefore, violates the labor code. *See Argonaut Ins. Co. v. Barron*, No. 05-96-00488-CV, 1998 WL 32710, at *4 (Tex. App.—Dallas Jan. 30, 1998, no pet.) (mem. op.) (concluding award of $1,500 of additional fees was improper because (1) the fees caused the plaintiff's fees award to exceed the amount permitted by section 417.003, and (2) such fees were not recoverable under section 38.001 because the plaintiff failed to plead for Chapter 38 fees).

Second, Francois provides no basis for such an award, nor any reason why such an award is equitable and just. Francois's counsel argued at trial that additional fees should be awarded because Hartford "deliberately refused to agree to a three-way split" of the settlement and relied on a Louisiana case to refuse the three-way split:

> But I believe Hartford in this situation deliberately, deliberately refused to agree to a three-way split knowing that they should, and knowing what the law is. And they came into your court talking about some Louisiana case that they brought, completely different calculations. And because of what they did and how they acted, that's why I believe in addition to how we believe the split should be done, I believe we should be awarded attorney's fees.

According to Francois's counsel, the carrier, employee, and employee's counsel "always" agree to split a settlement three ways, and he has entered into those agreements "dozens of times." But Francois cites no authority to support an argument that Hartford was under any obligation to reduce its lien and accept a three- way split. Instead, counsel relied on a 1998 opinion from this Court to argue Hartford was either required to agree to Francois's proposed allocation of the settlement funds or acted in bad faith by refusing the allocation. *See Lumbermens Mut. Casualty Co. v. Parrent*, No. 05-96-01144-CV, 1998 WL 182803, at *1(Tex. App.—Dallas Apr. 20, 1998, no pet.) (not designated for publication).

The reliance on *Lumbermens Mutual* is misplaced. That case has no precedential value because it was decided before January 1, 2003 and was not designated for publication. *See City of Dallas v. Gatlin*, 329 S.W.3d 222, 228 (Tex. App.—Dallas 2010, no pet.) (citing TEX. R. APP. P. 47.7(b)). Further, the opinion applied a prior and now-repealed statute. *Lumbermens Mut.*, 1998 WL 182803, at *1, n.2 (noting that the workers' compensation act applicable there was repealed in December 1989 and replaced by a new workers compensation act effective January 1991). Moreover, neither *Lumbermens Mutual* nor Chapter 417 required Hartford to accept any payment less than the total amount of its subrogation lien. On the contrary, Hartford has a statutory right to recover the entirety of the lien. *See* TEX. LAB. CODE §§ 417.001–.002. As for Hartford relying on Louisiana law, the record shows no such reference or reliance. Hartford consistently cited to binding Texas

–15–

Supreme Court authority, including *Ledbetter* and *Argonaut Insurance*, persuasive appellate court cases, and the plain language of the statute to support its arguments concerning the proper allocation of the settlement. *See*, *e.g.*, *Ledbetter*, 251 S.W.3d at 35; *Argonaut Ins.*, 87 S.W.3d at 530.

Hartford was well within its rights to seek the full amount of reimbursement permitted under Chapter 417. The award of additional attorney's fees penalizes Hartford for pursuing its statutory rights and is not equitable or just. *See Mata & Bordini, Inc.*, 2 S.W.3d at 319 ("Because both parties had legitimate rights to pursue, the trial court did not act unreasonably or capriciously in determining that each party should bear its own attorney's fees."). Under this record, we conclude the trial court abused its discretion by awarding Francois additional attorney's fees of $10,000. We reverse the trial court's award of those fees.

## CONCLUSION

The trial court erroneously allocated the settlement in this case and abused its discretion by awarding Francois additional attorney's fees under the UDJA. Accordingly, we reverse the trial court's judgment and render judgment that Hartford recover $95,206.03, and Francois recover attorney's fees of $50,000 and pro rata expenses of $4,793.97.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

210981f.p05

–16–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HARTFORD ACCIDENT &
INDEMNITY COMPANY,
Appellant

No. 05-21-00981-CV      V.

JANERY FRANCOIS, Appellee

On Appeal from the 68th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-17-08336.
Opinion delivered by Justice Partida-Kipness. Justices Nowell and Wright
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that appellant HARTFORD ACCIDENT & INDEMNITY COMPANY recover $95,206.03 and appellee JANERY FRANCOIS recover attorney's fees of $50,000 and pro rata expenses of $4,793.97.

It is **ORDERED** that appellant HARTFORD ACCIDENT & INDEMNITY COMPANY recover its costs of this appeal from appellee JANERY FRANCOIS.

Judgment entered this 23rd day of May 2023.